## Miracle v. Harlan Wallins Coal Corporation.

October 14, 1949.

A. G. Patterson for appellant.

James Sampson for appellee.

CLAY, COMMISSIONER—Affirming.

In this Workmen's Compensation case the employee was injured and later died as the result of an accident occurring on a roadway leading to the employer's coal mine. The Board found that the accident and injury did not arise out of and in the course of employment, and compensation was denied. The Circuit Court upheld the action of the Board.

The employee was a coal-loader employed by appellee. On the afternoon of the accident, he had left the mine portal and was on his way home from work. He was walking on a roadway leading down the mountainside which was customarily used by appellee's employees. When about 300 or 400 yards from the mine entrance he was run over by a pony.

The only question in the case is whether or not the employee's injuries arose out of and in the course of his employment. The issue may be further refined to a determination of whether or not the place of accident constituted a part of the employer's premises used by its employees in connection with their customary work.

It has been held by this Court that an employee returning from his place of employment over a private road constructed by the employer on its leased premises, primarily intended for the use of its employees, may recover compensation for an injury occurring thereon. Wilson Berger Coal Company et al. v. Brown, 223 Ky. 183, 3 S. W. 2d 199. On the other hand, we have consistently recognized the general rule that injuries sustained by employees off the premises of the employer while going to or from work do not arise out of and in the course of employment. Turner Day & Woolworth Handle Co. et al. v. Pennington, 250 Ky. 433, 63 S. W. 2d 490; State Highway Commission v. Saylor, 252 Ky. 743, 68 S. W. 2d 26.

Whether or not the roadway involved in this controversy was a public or private thoroughfare is a question of fact. Appellant's evidence was to the effect that it was used almost exclusively by appellee's employees, and he testified he knew of no other way to get to and from the mine entrance. On the other hand, the employer's witnesses testified that this was a public road and was not owned, leased, or controlled by the employer. The referee and the Board found as a matter of fact that

this was a public roadway. The lower Court could only disturb that finding if it was not supported by any evidence of substance. It is so supported.

Since the Board's finding of fact must be accepted, the application of the law governing the situation follows automatically. As the employee was on his way home from work on a public roadway and was performing no special duty for his employer which would require his presence at the place of the accident, his injuries were not sustained in the course of his employment.

For the reasons stated, the judgment is affirmed.