**COMMONWEALTH of Kentucky, DEPART-MENT OF HIGHWAYS, Appellant,**

v.

**Thomas STUBBLEFIELD, Administrator of the Estate of Clara Turner, Deceased, Appellee.**

Court of Appeals of Kentucky.

Jan. 26, 1962.

John J. Blackburn, Frankfort, for appellant.

Calvert C. Little, London, for appellee.

MILLIKEN, Judge.

Clara Turner, an elderly woman, received serious injuries when she was struck from behind by a Department of Highways truck, January 15, 1957, while walking eastwardly on or near the center of State Highway No. 80 between Somerset and London. She died in May following while an inmate of the State Hospital near Danville. The Board of Claims denied recovery to her estate declaring (paraphrasing the governing statute, KRS 44.120) "That the damage claimed was not caused by such negligence on the part of the Commonwealth or its agents as would entitle claimant to a judgment in an action at law if the State were amenable to such action."

The present appeal is from a judgment of the Circuit Court awarding $5,000 to the claimant on his appeal from the decision of the Board of Claims, and the question before us is whether the findings of fact of the Board support its refusal to award compensation to the claimant. KRS 44.140. In reversing the Board of Claims, the Circuit Court justified its award by taking the view that the evidence in the record before the Board (to which the Circuit Court was confined by statute, KRS 44.140 (2)) was so noncontradictory that the Board of Claims should have granted the claimant an award.

The Circuit Court assumed that the Board of Claims must have found some degree of negligence on the part of the Department of Highways when it recited that the damage to Clara Turner was not caused "by such negligence on the part of the Commonwealth or its agents as would entitle claimant to a judgment in an action at law," a construction of the Board's holding which is not justified for, in paraphrasing the governing statute, the Board clearly meant that it found no negligence on the part of the driver of the State's truck. In its review of the Board's record in the present case, the Circuit Court was confined to "whether the findings of fact (of the Board) support the award or judgment." KRS 44.140(2).

The findings of fact by the Board do support its judgment, and the testimony

of the driver of the truck and his companions is an adequate evidentiary basis for the Board's conclusions. Their testimony declares, and the Board found, that the truck was traveling from 20 to 25 miles an hour when it passed over a rise in the road, thus enabling the driver and his companions to see Clara Turner walking in the same direction as the truck in or near the center of the road. The testimony of the driver was to the effect that he did not blow his horn when he first saw Clara Turner, but he did start braking his truck. He stated that he blew the horn ten to twenty feet behind her preparatory to passing her on the left, that she stepped to the right, and then back to the left directly into his path; that he turned his truck abruptly to the left into a bank on the side of the road in an effort to avoid her, but that the back of the truck struck her as it swerved. He was corroborated in all essentials by one of his companions who also testified to the icy condition of the highway, the care with which they had proceeded, and that there was ample room to pass the woman on her left had she not stepped back to her left as heretofore described. In fact, the driver testified that he was going less than 20 miles an hour at the time he sounded his horn.

The operator of a vehicle on the highway is required to sound his horn as a warning to pedestrians only "whenever necessary * * * but shall not sound the horn or sound device unnecessarily." KRS 189.-080. Whether the horn was sounded at the proper time in a given situation is ordinarily a question for the trier of facts to consider in determining the existence of negligence or the lack of it. We cannot say that the Board acted arbitrarily or unreasonably in the present case in determining that the operator of the truck was not negligent, for there is ample evidence to sustain the Board. Nor can we agree with the contention that KRS 189.570(4)(d), requiring an operator of a motor vehicle on the public highways, to "exercise proper precaution upon observing * * * a confused or incapacitated person upon a roadway," is particularly pertinent here. The evidence discloses that the driver acted as promptly as possible when the pedestrian stepped to her left into the path of the truck—the only evidence of confusion on her part observable by the driver.

It is our conclusion that the evidence presented, even if considered arguendo as of a noncontradictory nature, nevertheless, left the door open for the trier of facts— the Board—to reach the conclusion it did as to the lack of negligence on the part of the driver of the truck and its consequent refusal to grant an award to the claimant. For that reason, we conclude the Circuit Court erred in reversing the Board. KRS 44.140.

The judgment is reversed.