**KENTUCKY STATE FAIR BOARD et al.,**
**Appellants,**

v.

**Marguerite E. NICKLIES et al., Appellees.**

Court of Appeals of Kentucky.

Oct. 12, 1962.

Samuel M. Rosenstein, Louisville, Jo M. Ferguson, Atty. Gen., John B. Browning, Asst. Atty. Gen., for appellants.

Louis Lusky, Marvin Morse, Joe G. Leibson, Louisville, for appellees.

MILLIKEN, Judge.

The Board of Claims denied the claim of Mrs. Elizabeth Nicklies, seventy-five

years of age, for injuries received in a fall at the Kentucky State Fair on the afternoon of September 12, 1957, and, upon appeal to the Circuit Court, the decision of the Board was set aside, new findings of fact made, $5,000 allowed her for pain and suffering, and $2,317.50 and $2,682.70 awarded her husband for medical expenses and loss of consortium, respectively. Whether the Circuit Court has the statutory power to make an award and whether the findings of the Board were supported by the evidence are the principal questions presented on appeal.

Created by statute (KRS, Chapter 44) waiving the sovereign immunity of the State, the Board of Claims is empowered to make limited awards to claimants whose injuries, it finds, are caused by negligence of agents of the State. In order to grant an award, the Board must conclude that the evidence presented would sustain "an action at law if the state were amenable to such action." (KRS 44.120.)

Appeals to the Circuit Court are governed by statute, the pertinent part of which (KRS 44.140(2)) declares:

> "On appeal no new evidence may be introduced, except as to fraud or misconduct of some person engaged in the hearing before the board. The court sitting without a jury shall hear the cause upon the record before it, and dispose of the appeal in a summary manner, being limited to determining: Whether or not the board acted without or in excess of its powers; the award was procured by fraud; the award is not in conformity to the provisions of KRS 44.070 to 44.160; and whether the findings of fact support the award."

 . We think it clear that the Circuit Court may not itself make an award, but is limited to remanding the case to the Board if the court finds that (1) the Board acted in excess of its powers; (2) the award was procured by fraud; (3) the award was not in conformity to the statute; and (4) when the findings of fact do not support the award. Commonwealth v. Mudd, Ky., 255 S.W.2d 989. Therefore the award granted by the court must be set aside.

The provision in the statute to the effect that the court may act if it finds that "the award is not in conformity to the provisions of KRS 44.070 to 44.160" does not empower the court to make an award when the Board has refused to make one. In fact, KRS 44.120 declares that "no award shall be made unless the board is of the opinion that the damage claimed was caused by such negligence on the part of the Commonwealth or its agents as would entitle claimant to a judgment in an action at law if the state were amenable to such action." It is the Board and not the court which may make an award in cases within the scope of the statute.[1]

 In the case at bar, the area where the claimant was injured was paved with concrete and the surface tapered toward the street, eliminating the curb, so that vehicles might have access to the building. The tapering lowered the surface most abruptly where the curb was eliminated, and it was at this point that the claimant fell, for a view of the dip in the surface was obscured by the passing throng of visitors at the Fair. There was evidence that other pedestrians had trouble at this site, and the claimant offered expert evidence that the design of the slope did not meet standard requirements, an assertion which was denied by an engineer testifying for the State Fair Board. Each party questioned the competency of the other's expert testimony, but pictures of the area were introduced and

1. (Generally speaking, the scope of reviewability of administrative decisions is not always a simple matter, for statutes governing the subject are not explicit for the most part and courts are not always logical in their decisions in this field. See Vol. 4, Davis, Administrative Law Treatise, Chapter 28, for an exhaustive discussion.)

the Chairman of the Board of Claims inspected the site pursuant to the claimant's request. Thus, there is photographic evidence in the record from which alone the Board could conclude that the construction was or was not negligently designed, and it found that it was not negligently designed. As the trier of the facts of the case, the conclusion of the Board has evidence of substance to support it, and for that reason we must sustain its conclusion.

The judgment of the court is reversed with directions to enter judgment sustaining order of the Board.