Chester I. BAYS, Administrator of the Estate of Oliver Lee Mayes, Deceased, et al., Appellants,

v.

INDIAN HILLS COUNTRY CLUB et al., Appellees.

Court of Appeals of Kentucky.

Feb. 28, 1964.

Rehearing Denied April 17, 1964.

Chester I. Bays, Bowling Green, for appellants.

Maxey B. Harlin, Bowling Green, for appellees.

MILLIKEN, Chief Justice.

This is an appeal from a judgment affirming a finding of the Workmen's Compensation Board which denied compensation.

On April 8, 1960, Oliver Lee Mayes was operating a "bushhog" mower on the defendant's golf course. He received a traumatic injury when his leg was struck by rocks thrown by the bushhog which was not equipped with a protective cover to guard persons and property from danger of articles thrown up by the operation of the mower. The Workmen's Compensation Board found that this injury produced temporary total disability from April 21, 1960, to May 21, 1960.

Though the claimant was obese, the injured leg swelled to about twice the size of the other leg. Claimant was unable to work and suffered generally from ill health and from his injured leg in particular. He died on April 16, 1961, a year and eight days after the injury to his leg. During the interval between his injury and his death, he was treated by several physicians. No autopsy was performed.

The administrator of the claimant's estate (hereinafter referred to as the claimant) contends that his traumatic injury caused deep thrombophlebitis; that the thrombi which attached themselves to walls of the deep veins became detached, circulated through his vascular system and lodged in an artery in the lungs, resulting in a pulmonary infarction or in a pulmonary embolus which caused his death. The claimant introduced the expert testimony of Dr. Morris M. Weiss of the Department of Cardiology of the University of Louisville School of Medicine who was of the opinion that the decedent died of a pulmonary embolus which arose as a result of the injury of April 8, 1960. Inasmuch as Dr. Weiss had never examined the decedent, his opinions were based on hypothetical questions. The referee was persuaded by the claimant's theory and felt that the reasonable and legitimate inferences from his testimony justified an award.

It is the defendant's theory that the claimant failed to present positive proof that the continuing disablement from the swelling or phlebitis was anything more than a consequential development of heart trouble of a protracted nature. The defendant offered proof that the claimant could have died of a coronary occlusion and its medical witnesses say that the claimant may have died of one or two things, one of these being the cause to which the claimant attributed death. Dr. Charles B. Thorne of the Department of Cardiology of Vanderbilt University School of Medicine, stated that he was not able to attribute death to a definite cause. It was Dr. Thorne's conclusion that the decedent died either of a heart attack or a pulmonary embolus; he added that if an autopsy had shown that the decedent died of a pulmonary embolus, it would have been impossible to determine whether the embolus originated in the leg or in the heart. Dr. Thorne had examined the decedent while he was alive and had observed that he had a degenerative circulatory system—irregular heart due to auricular fibrillation,

uncoiling aorta, and that he also had varicose veins in his legs. Three other physicians who had examined the decedent while he was alive were of the opinion that he died either of a pulmonary embolus or a heart attack.

The Workmen's Compensation Board concluded that the claimant did not introduce sufficient evidence to satisfy the burden of proof that death was caused as a result of the leg injury. The claimant has the burden of persuasion in compensation cases and in a case like this where the evidence is conflicting we must sustain the conclusion of the Board. In other words, here the evidence of the cause of death is not so "clear-cut and convincing that we could justifiably conclude that the Board acted erroneously as a matter of law in reaching * * * its finding that the injury (death)" was not caused by the claimant's injury. Lee v. International Harvester Company (1963), Ky., 373 S.W.2d 418.

The judgment is affirmed.