COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,

v.

Leon O. HIGDON, Administrator of the Estate of Kenneth Cissell, Appellee.

Court of Appeals of Kentucky.

Oct. 16, 1964.

**332**

Robert Matthews, Atty. Gen., William A.
Lamkin, Jr., Asst. Atty. Gen., Richard H.
Peek, Paducah, for appellant.

John E. Albert, Herbert Schultzman,
Terrell, Schultzman & Hardy, Paducah,
for appellee.

WILLIAMS, Judge.

Kenneth Cissell was drowned when the
car in which he was a passenger plunged
into the Tennessee River. An award of
$5,000 by the Board of Claims to the ad-
ministrator was allowed against the appel-
lant, Commonwealth of Kentucky, Depart-
ment of Highways. The award was af-
firmed by the McCracken Circuit Court,
and the Commonwealth has appealed.

The driver of the automobile in which
Cissell was a passenger mistakenly turned
off the main road onto a minor road, be-
lieving it led to Paducah. In reality, 2,025
feet from the intersection, the road came
to an end at the edge of the Tennessee
River. At a point three feet from the
edge of the river and located at the termi-
nation of the pavement, was a "Road
Closed" sign. Standing to the left of this
sign was a "scotch-light" striped sign.
Three hundred and fifty feet back toward
the main highway were two "Caution"
signs, one on either side of the road, and
725 feet back and across a small wooden
bridge was a "Slow" sign. Approaching
from the direction of the main road a
driver would encounter the "Slow" sign,
then cross a small bridge, to be confronted
by the two "Caution" signs, 350 feet from
which the road terminated at the river and
at which place the "Road Closed" sign had
been erected. After passing the "Caution"
signs the road curved slightly to the driver's
left, which caused the "Road Closed" sign
to be virtually obscured until it was in
close proximity.

The driver of the car testified he was
driving 40 to 45 miles per hour, that he
did not see any signs along the way, that
he swerved to the left to avoid what ap-
peared to be a mound of earth at the river's
edge, that the car slid onto some gravel
and down into the river, and that he did not
know the river was there until he was in
it. There was some evidence that the signs
were hard to see due to the fact that some
vegetation had grown up about them.

The issue is, whether the State
exercised ordinary care to safeguard the
public from the danger existing at the end
of this road. The finding of the Board of
Claims, if supported by substantial evi-
dence, is conclusive. Commonwealth, Dept.
of Highways, v. General & Excess Ins.
Co., Ky., 355 S.W.2d 695 (1962).

The duty of the Commonwealth
is to exercise ordinary care in keeping its
highways in a reasonably safe condition for
public travel. That duty may be performed
by remedying, warning, or guarding

against, the danger. Signs may give adequate warning of a hazardous condition in a highway when their message sufficiently relates to the danger and their location is at a distance which permits the public to avoid such danger. Commonwealth, Department of Highways, v. Begley, Ky., 376 S.W.2d 295 (1964).

The facts here adequately support the finding of the Board of Claims that the signs did not reasonably warn the traveling public of the road's end. There was no notice that the road terminated at the river's edge until the "Road Closed" sign was reached, which admittedly was only three feet from the water. The other signs did not give warning commensurate with the danger ahead. The "Road Closed" sign warned of the danger too late to give adequate notice to the public. The termination of a public road at the edge of a river is a danger which requires more warning than the signs here afforded. ·

The judgment is affirmed.