Ruby **PEMBERTON** et al., Appellants,

v.

**COMMONWEALTH of Kentucky, DEPART-MENT OF MENTAL HEALTH**
et al., Appellees.

Court of Appeals of Kentucky.

Jan. 21, 1966.

Ernest G. Baxter, Stanford, for appellants.

John B. Breckinridge, Atty. Gen., Ray Corns, Asst. Atty. Gen., Frankfort, for appellees.

A. MURRAY BEARD, Special Commissioner.

Appellant, Ruby Pemberton, was seriously injured when the car she was driving was run into by a stolen car driven by Vernon Harrison, an escaped inmate of Kentucky State Hospital. The liability of Harrison is not questioned. Appellant filed a claim for injuries with the Board of Claims against the Commonwealth of Kentucky, Department of Mental Health, Kentucky State Hospital and Dr. R. R. Knowles, as the Superintendent of Kentucky State Hospital alleging negligence in permitting the escape of Harrison and in his stealing of the car. The Board of Claims denied her claim and she appealed to the Lincoln Circuit Court. Again her claim was denied, the circuit court upholding the decision of the Board of Claims. This appeal is from the decision of the Lincoln Circuit Court.

In Kentucky no new evidence may be introduced on appeal from decisions of the Board of Claims. Only the evidence introduced before the Board is reviewable as was said in Deby Coal Company v. Roark, Ky., 360 S.W.2d 511, a workmen's compensation case:

> "Upon an appeal from an award of the Board the courts are authorized merely to examine the record in order to determine if the evidence introduced is relevant and substantial and, if so, they have no choice except to sustain the award, even though there may be considerable proof pointing the other way. Stated somewhat differently, it may be said that the award must stand unless there is an absence of material evidence of probative force to buttress the Board's finding."

In Shrader v. Commonwealth, 309 Ky. 553, 218 S.W.2d 406, where the claims were denied this Court said:

> "There is no showing of fraud or misconduct in the hearing before the Board. The wording of KRS 176.-360(2) is very similar to the provision for appeals in Workmen's Compensation Board cases. There we have held in many cases that the findings and awards of such boards, if supported by substantial evidence, are conclusive. [cases omitted].
>
> "Here, although we might have reached a different conclusion if we had been members of the Board, there is substantial, competent evidence to support the findings of the Board of Claims."

See also Kentucky State Fair Board v. Nicklies, Ky., 361 S.W.2d 289.

Vernon Harrison, a youth, was admitted to the Kentucky State Hospital, Danville, by order of the Pulaski Circuit Court on February 21, 1959, and was discharged September 28, 1959. He was admitted a second time on May 24, 1960, and was not discharged until July 12, 1961, several months after the accident in question which happened on March 14, 1961.

During his first commitment he escaped from the hospital grounds twice. On one of these occasions he stole a motor boat which he drove across Herrington Lake, then stole a farm tractor and drove it across the Southern Railway Bridge over the Kentucky River.

About a month later he again escaped, stole a truck, was arrested, placed in the Danville jail and later returned to the hospital where he was placed in a closed ward.

The medical testimony shows that Vernon Harrison was not an insane person and was not a proper subject for a mental institution. The hospital authorities, however, could not get the cooperation of the court in placing Harrison in a penal institution where he belonged. He was classified as a person of low mentality having an IQ of 70 and antisocial tendencies. They believed, however, that since he was committed by the court they had to keep him and so they attempted to give him treatment suitable for his condition. After his escape he was kept in closed wards under close supervision until his conduct warranted the return of certain ground privileges.

During his second commitment there is no evidence of any escape from the grounds prior to the occasion of March 14, 1961. During this period he was only unaccounted for on two occasions. On one occasion he was found asleep under a bed in his ward. On the other occasion he was unaccounted for only ninety minutes while going from the gymnasium to his ward.

During the period of his second commitment he showed no tendency to escape from the grounds and although he had been known to steal small things around the ward, he seemed to the doctors to be progressing with his treatment. In fact, he was given an extended convalescent leave on January 8, 1961, but was returned to the hospital on February 28, 1961, for some misbehavior at a Christmas visit on December 30th and 31st, 1960.

On March 14, 1961, Harrison stole an employee's car from the parking lot and negligently ran it into the car being driven by appellant, seriously injuring her. She is claiming negligence on the part of the authorities in not keeping Harrison in a security ward under close supervision.

As above stated, Harrison was being medically treated for his mental condition and not being punished for his misdeeds. The inmates are placed there for medical and therapeutic treatment in an effort to cure their mental illnesses and return them to society sound in body and mind. They are placed under the care of doctors and nurses, not wardens and guards. It is true there are security wards for the violent and dangerous, but those patients are given more freedom as they respond to treatment and this freedom is increased until they can reclaim their place in the outside world. When they reach this point they are discharged.

Such was the case of Vernon Harrison. He was placed in the institution for treatment of his mental condition, either real or imaginary. During his first commitment he showed a history of escapes and theft of motor vehicles. At this time he was intermittently kept under close supervision. During his second commitment his tendency to escape seems to have subsided and he was responding to treatment. The doctors could not foresee that he would revert to his original tendencies. Consequently he was given more privileges and thus acquired the opportunity to make the theft of March 14, steal the car and cause the wreck.

■ It may ·be said that the authorities of the institution made a mistake in judgment, but we cannot as a matter of law ·call it such negligence as constituted liability for the injuries sustained by the appellant.

Since there was substantial evidence to uphold the findings of the Board it is our recommendation that the judgment of the Court be affirmed.

The opinion is approved by the Court and the judgment is affirmed.