**IRV'S TRUCK LINE, INC., Appellant,**

**v.**

**COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellee.**

Court of Appeals of Kentucky.

Nov. 10, 1967.

---

1. The order of dismissal made no reference to the counterclaim or the third-party claim by the Department of Highways.

James F. Clay, Danville, for appellant.

Robert Matthews, H. C. Smith, Frankfort, Phillip K. Wicker, Somerset, for appellee.

DAVIS, Commissioner.

On August 12, 1963, a tractor-trailer rig owned by appellant was damaged when it fell through a bridge over Hanging Fork Creek on Highway 1194 in Lincoln County. Appellant made claim against the Department of Highways before the Board of Claims; the Board denied recovery. Upon appeal to the circuit court, the Board's action was affirmed, and this appeal followed.

The material facts are substantially undisputed and may be thus summarized: The gross weight of appellant's tractor-trailer unit was 34,750 pounds. The load limit for the highway was 30,000 pounds. Appellant had no permit to operate the overweight vehicle on the road in question. In fact, appellant's driver had lost his way and took the route over Highway 1194 in an effort to regain the planned route. The bridge which collapsed had been designated for a load limit of only 10,000 pounds. There was evidence that the bridge had been struck and damaged from six months to a year before the accident and that it

was unsafe even for 10,000 pounds, and shook when a dog trotted over it. No sign reflecting the load limit of the bridge was visible at the time of the accident, which occurred about 3 A.M. Investigation conducted when daylight arrived disclosed two highway signs containing notice of the five-ton weight limit. These signs were off the road and substantially covered over by vegetation and undergrowth. It was not shown when the signs had been displaced, although some evidence suggested that the signs had not been in place for "a year or longer." Photographs in the record reveal that the bridge was a one-lane, wooden-floored bridge without superstructure, located at a curve and on a slight downgrade in the direction being traveled by appellant's tractor-trailer. The driver of appellant's outfit testified that he had slowed the vehicle by dropping to a low gear and was proceeding at a speed not over twenty miles per hour as he entered the bridge. The driver said that the trailer did not touch the bridge and that only the tractor had reached the span when it fell. It was shown that the empty weight of the tractor was 10,000 pounds and that the empty trailer weighed 8,500 pounds and had cargo weighing 16,250 pounds. Appellant's estimate of damage to his equipment was in excess of $9,000.00.

We quote the statement of question presented as contained in appellant's brief:

"Where Department of Highways negligently failed to give warning of unsafe bridge which it negligently maintained, was violation of weight limit for class B highway a sufficient contributing cause of damage resulting when bridge collapsed to bar recovery?"

The appellant relies on Com., Department of Highways v. Begley, Ky., 376 S.W.2d 295, and Com., Department of Highways v. Higdon, Ky., 383 S.W.2d 331, to support its contention that the appellee had a duty to keep the highway and bridge in a reasonably safe condition for public travel and owed a duty to guard against foreseeable

danger from the use of an unsafe bridge. Emphasis is placed upon the following language found in Com., Department of Highways v. Begley, supra: "The negligence of the Commonwealth rests not in the creation of the hazardous condition, but in permitting the situation to continue without attempting to remedy, warn, or guard against the danger." Id. 376 S.W.2d at 297.

Proceeding from the premise that the appellee was negligent, the appellant asserts that the excess weight of its tractor and loaded trailer was not the proximate cause of the accident. Appellant contends that the accident would have occurred if its rig had weighed 30,000 pounds or less, since the bridge was unsafe for 10,000 pounds of traffic. It is reasoned by the appellant that since only the tractor reached the bridge it is apparent that less than the 30,000 pounds prescribed for the roadway was applied to the bridge before the collapse, so that exceeding the highway load limit was neither a proximate or remote cause of the accident.

Appellee concedes in its brief that " * * most assuredly was a duty owed by appellee to warn of the condition of the bridge, * * * " but contends that this duty was owed only to persons lawfully using the highway and that no duty was owed to the appellant since its equipment was illegally upon the road. Appellee suggests that the appellant's status on the road was comparable to that of a trespasser.

We do not consider it necessary to premise our decision upon the theory of appellee as just stated. The Board of Claims in its opinion denying the relief sought by appellant said in part:

"However, even should we conclude that the defendant was negligent in failing to maintain this bridge properly and to warn the general public of its dangerous propensities—and that the duty extended to this plaintiff—it is apparent that the plaintiff was nevertheless guilty of contributory negligence in attempting to proceed across this one-way bridge, which was obviously inadequate, knowing of his weight load and the hazard involved.

"We conceive that recovery must therefore be denied plaintiff on either count."

It is our view that the Board of Claims had before it sufficient evidence to justify its finding that the appellant's contributory negligence barred recovery. The physical appearance of the bridge, as reflected from the photographs, furnished some warning to appellant's driver of the hazard in undertaking to cross it while proceeding downgrade with his loaded equipment. The Board was not required to believe that only the tractor had reached the bridge floor when the collapse occurred; but in any event, the Board was justified in concluding that more than five tons of thrust was applied to the bridge by reason of the physical situation involved. We are not able to say that the probative quality of the evidence for the appellant was so conclusive as to impel the Board, as a fact finder, to render an award for the appellant. In this state of case we may not upset the Board's conclusion. KRS 44.150; Pemberton v. Com., Department of Mental Health, Ky., 398 S.W.2d 487; Lee v. International Harvester Co., Ky., 373 S.W. 2d 418.

The judgment is affirmed.

WILLIAMS, C. J., and HILL, MILLIKEN, MONTGOMERY, PALMORE, and STEINFELD, JJ., concur.

OSBORNE, J., not sitting.