**COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,**

v.

**Pauline BOLTON and Bill Lee, Appellees.**

Court of Appeals of Kentucky.

June 28, 1968.

Robert F. Matthews, Atty. Gen., H. C. Smith, Asst. Atty. Gen., Frankfort, Eugene H. Clark, Robert E. Cato, Manchester, for appellant.

J. B. Johnson, Jr., W. M. Cox, Jr., Williamsburg, for appellees.

CLAY, Commissioner.

This proceeding was commenced in the Board of Claims by the administrators of the estates of Carl Lee and Curtis Bolton, asking damages for their wrongful deaths because of the alleged negligence of the Commonwealth, Department of Highways. The Board dismissed the claims on the ground the claimants had failed to prove actionable negligence. On appeal to the Whitley Circuit Court the Board's order was set aside and the case remanded with directions to enter an appropriate award. The Commonwealth appeals.

Located near Kentucky Highway 511 in Whitley County is a deep pond known as Siler's Pond. At least once a year for many years the road adjacent to the pond had become flooded and impassable. On March 27, 1965, this condition existed, and a witness estimated that there was about four feet of water moving over the road toward the pond late that evening. Carl Lee and Curtis Bolton were last seen alive about 6:30 p. m. on that date. They were riding in Bolton's car, a 1953 Ford. Seventy days later their bodies were found in the Ford automobile which was submerged in Siler's Pond about fifty or sixty feet from the highway.

There was evidence an automobile had been heard and seen on the highway in this general area about 9:30 that evening and later skid marks were noticed on the highway at about the point an automobile would be entering the flooded section thereof.

The basis of the claim of negligence on the part of the Commonwealth is that it maintained this highway and had failed to post any warning signs or barricades to indicate the flooded condition which had made the road impassable. The conclusion of the Board was that the claimants had failed to prove actionable negligence because they had not established that the absence of a sign or barricade was the proximate cause of the deaths. The Board in its opinion pointed out that there was no proof as to when the decedents died,

or how or when the car in which they were riding was submerged in Siler's Pond; nor was there proof that any water was flowing across the highway when the event occurred.

It is not the province of the court to retry cases of this kind heard by the Board of Claims. As we observed in Lee v. International Harvester Company, Ky., 373 S.W.2d 418, the Board is in the same position as a jury, and as we observed in that case and in Commonwealth, Dept. of Highways v. Stubblefield, Ky., 353 S.W.2d 371, the Board as the trier of the facts may properly determine that a claimant has not presented sufficient evidence to sustain his claim.

We have here claims based on an occurrence which appellees sought to prove by circumstantial evidence. Perhaps the Board justifiably could have found such evidence sufficient to impose liability, but that determination rests on an issue of fact to be resolved by inferences that may be drawn from the evidence. It was the function of the Board, not the court, to decide this issue. We are of the opinion the trial court erred in ruling *as a matter of law* not only that the decedents met their deaths on the night of March 27 by reason of being swept off the road by the flooded condition but that such tragedy (if it occurred in this manner) could reasonably have been foreseen by the Commonwealth or was proximately caused by the absence of a warning sign or barricade.

No one knows the time of or the nature of the event which resulted in the submergence of the Ford automobile in Siler's Pond. We cannot agree that a court, as a matter of law, could determine it happened in the exact way and for the particular reason contended for by appellees. It could have happened that way and for that reason, but on the circumstantial evidence adduced, we know of no law or principle of law which would *require* the Board to so find.

Appellees (and the trial court) relied on Commonwealth, Dept. of Highways v. Higdon, Ky., 383 S.W.2d 331. In that case an award was made by the Board to the estate of a person who was drowned when the automobile in which he was riding ran into a river when the highway was inadequately marked to show this danger. It is contended that case is indistinguishable from the present one. There are two vital distinguishing features. In the first place, how the accident occurred in that case was shown by direct evidence, whereas here we have only circumstantial evidence. In the second place, there the Board found the Commonwealth negligent in failing to post adequate signs. Here we are confronted with the opposite finding. We upheld the Board in Higdon, and for the reasons given, we must uphold the Board here.

It is unnecessary to pass upon the question of whether, since this was allegedly a *county* road, the Commonwealth had any obligation to post any signs or erect any barricades.

The judgment is reversed.

All concur.