**KENTUCKY STATE RACING COMMIS-
SION et al., Appellants,**

**v.**

**Julia NEWTON, Appellee.**

Court of Appeals of Kentucky.

June 28, 1968.

Rehearing Denied Dec. 13, 1968.

James M. Graves and William P. Swain, Boehl, Stopher, Graves & Deindoerfer, Louisville, John B. Breckinridge, Atty. Gen., Frankfort, for appellants.

John D. Darnell, Frankfort, for appellee.

DAVIS, Commissioner.

The appellee, as surviving widow of Guy Polsgrove Newton, made application for adjustment of workmen's compensation claim based upon the accidental death of Newton in a one-car accident on I-64 about 4.3 miles west of Shelbyville. The Board denied the claim. The claimant appealed to the circuit court, and that tribunal remanded the case to the Board with directions that the Board should make specific finding as to (1) the cause of death of the plaintiff's decedent and (2) the scope of employment of plaintiff's decedent at the time of death. The circuit court's order specified that the Board should permit either party to introduce additional evidence, if necessary,

in order for the Board to make the specific findings. The employer, Kentucky State Racing Commission, has appealed; and the claimant has undertaken a cross-appeal but has not perfected it as required by CR 74 in that no statement of cross-appeal has been filed.

The decedent was employed by the Kentucky State Racing Commission as a license inspector and assistant veterinarian. On May 31, 1965, decedent was in the performance of his duties at a racing meet held at Miles Park, Louisville. Although the racing program was not concluded until about 5:30 p. m., decedent left Miles Park in his personally owned automobile sometime between 3 and 4 p. m. In an unexplained manner decedent's car ran off I-64 some thirty miles from Miles Park, overturned several times, and ultimately burned. Decedent was dead when the accident was discovered. No evidence was presented to indicate the precise cause of his death.

Newton's immediate superior was Lewis Finley, Jr., who was employed as a steward by the Racing Commission and had an office in Lexington. Finley resided in Georgetown; the decedent resided in Bridgeport in Franklin County. I-64 was an apt route from Miles Park to Bridgeport, Georgetown, or Lexington. There was no direct evidence disclosing Newton's destination.

There was testimony for the claimant that Newton used a clipboard for maintenance of certain papers and reports in his daily working routine. Normally, Newton would deliver his reports to Finley at the race track at the close of the day's racing program. It was shown that on some occasions Newton had delivered the reports to Finley at the Lexington office or at Finley's home in Georgetown. Finley had notified Newton that he would not be at the track on May 31 but that he wanted to receive the reports for that day in time to review them before going to the meet on June 1. A witness for the claimant testified that he saw Newton in his automobile with papers attached to his clipboard short-

ly before Newton left the race track. Included in Newton's duties was the duty to deliver immediately to Finley the results of any special chemical tests performed upon any of the horses engaged in racing. It was shown that such a special test had been made on May 31. In the charred remains of the wreckage was found a remnant of Newton's clipboard, but any document which it might have contained was destroyed by the fire.

In its opinion denying the claim for compensation, the Board recited that the only question before it was whether the decedent was acting in the course of his employment when he was killed. The opinion further stated that neither the purpose of Newton's trip nor his destination at the time had been established. A direct quotation from the Board's opinion is:

"Actually, no single fact of this record goes further than a presumption that Mr. Newton's acts, at the time of his death, were in the course and out of his employment."

Following that quotation the Board cited Miracle v. Harlan Wallins Coal Corporation, 311 Ky. 169, 223 S.W.2d 738; Collier v. Wright, Ky., 340 S.W.2d 597; and Bays v. Indian Hills Country Club, Ky., 377 S.W.2d 86. The only finding of fact made by the Board was:

"That the plaintiff has failed to establish that the deceased's death rose out of and in the course of his employment."

The circuit court, in remanding the case to the Board, noted in the remanding order that the Board had failed to make a finding as to the cause of death of the decedent and that the Board had recited that the plaintiff's evidence was sufficient to raise a presumption that the employee's acts at the time of death were in the course and scope of his employment, but failed to make any finding as to whether such presumption was rebutted by other evidence or simply not indulged by the Board.

The appellant contends that the circuit court erred in remanding the case to the Board because the claimant failed to maintain the burden of proving by competent evidence all facts necessary to establish her claim. Alternatively, the appellant urges that even if it were concluded that the claimant's evidence would have sustained an award for the claimant, the adverse finding by the Board must stand as being based upon proper findings of fact. Appellant places reliance upon Lee v. International Harvester Company, Ky., 373 S.W.2d 418. That decision and others like it point out that the claimant has the risk of failure to persuade the fact-finding Board to his position. It is only when the evidence for the claimant is so clear and convincing that an adverse finding would be clearly unreasonable that it may be determined as a matter of law that the Board has reached an erroneous conclusion. Although the claimant's evidence may justify a favorable finding, unless it would require one as a matter of law, the Board's adverse finding may not be disturbed. Cf. Com., Department of Highways v. Bolton, Ky., 430 S.W.2d 458.

The evidence before the Board was entirely circumstantial. The Board could have been persuaded by that evidence to find for the claimant, but the evidence was not so overwhelmingly convincing as to require such a finding by the Board. It follows, therefore, that the Board's decision must stand.

The judgment is reversed with directions to enter a new judgment affirming the finding of the Board.

EDWARD P. HILL, MONTGOMERY, OSBORNE, and STEINFELD, JJ., concur.

WILLIAMS, C. J., and MILLIKEN, and PALMORE, JJ., dissent.

DISSENTING OPINION

PALMORE, Judge.

I dissent from the majority opinion on the ground that I think the evidence raised

a rebuttable presumption that Newton was in the course of his employment at the time of the accident, and that in the absence of countervailing evidence his widow was entitled to an award. In this respect it is interesting to note that the Board itself characterized the evidence as raising no more than "a presumption." A "presumption," of course, calls for a favorable finding unless it is rebutted. Cf. Lee v. Tucker, Ky., 365 S.W.2d 849, 851 (1963).

WILLIAMS, C. J., and MILLIKEN, J., concur in this dissenting opinion.