**G. R. BAKER, Appellant,**

**v.**

**CODELL CONSTRUCTION COMPANY et al., Appellees.**

Court of Appeals of Kentucky.

Jan. 24, 1969.

Harold Garland Wells, Wells & Wells, Hazard, for appellant.

James B. Stewart, Winchester, for appellees.

STEINFELD, Judge.

This is an appeal from a judgment of the circuit court affirming an award of the Workmen's Compensation Board and dismissing appellant's complaint. We affirm.

A stipulation between the parties was very helpful to the Board and the courts. By it the litigants agreed "* * * that on and prior to October 5, 1966, both the plaintiff and defendant had elected to and were operating under the terms and provisions of the Kentucky Workmen's Compensation Act; that on said date the plaintiff received an injury by accident arising out of and in the course of his employment

with the defendant company; that the defendants had due and timely notice of said accidental injury and that plaintiff's average weekly wages were sufficient to justify the payment of maximum compensation, if any be due."

Before he was hurt he had "helped run a tipple, drove a truck and worked some at Kentucky Finance * * *". He had completed "three years of high school, fifteen credits, and in the Army, (he) got that Army G E D training."

At the time of his injury Baker's job involved the clearing of right-of-way which required the sawing of big chunks of wood which were then stacked and burned. He described these chunks as pieces of log 18 to 20 inches in diameter, 15 to 25 inches long and weighing approximately 100 pounds. He stated that in performing his tasks he had to do heavy lifting and bending, and that when he injured his back he immediately felt a severe pain which radiated into his right leg, left leg, hip and lower part of his back. He quit work immediately after the injury and was taken to a hospital where he was X-rayed and generally examined but he was not admitted. He was treated as an outpatient and after some five or six visits to a Dr. Charles Rutledge he was released and authorized to return to work for "light duty but not to do heavy lifting." He took his release slip to the superintendent who refused to allow him to return to work under the conditions specified by the physician.

Later Baker was hospitalized for six days at which time a myelogram was performed. He testified that he continued to have pain in the lower part of his back, also higher up on his back and that if he raised his right leg he felt pain between the knee and thigh joints. He said that he could not perform the duties required by the job in which he had been engaged at the time of his injury "because his back was too sore and everytime he bent over he had a lot of pain."

Depositions of Drs. Marion G. Brown and C. M. Freizen, orthopedic surgeons, and Dr. Ralph J. Angelucci, a neurosurgeon, were filed.

Dr. Brown deposed that he saw appellant initially in June 1967, and examined him physically and with X-ray. He found that Baker had a questionable protruded low lumbar disc and he recommended that myelographic studies be made. He concluded that the appellant was totally unable to do the strenuous work which he had been doing before and at the time of his injury but was able to drive a truck or do similar work to that which he did for the finance company before his employment by Codell.

Doctor Brown said that after Doctor Peter Jones made the myelographic studies he found that they did not show any indentation or irregularity denoting a ruptured disc. After describing additional treatment which he administered to Baker, Doctor Brown said that he last saw him about July 11, 1967, and that at that time he could not recommend that Baker perform work of a strenuous nature. He conceded that with additional rehabilitative treatment Baker might be able to increase his activities but that this was uncertain.

Doctor Freizen, who examined Baker on February 3, 1967, confirmed the statements made by Doctor Brown. He diagnosed the disability as an acute lumbo-sacro strain with some minimal radiculitis of the right lower extremity. He defined radiculitis as referred pain or nerve root pain suggesting the possibility of a herniated intervertebral disc but he admitted that the myelogram being negative his diagnosis would be lumbo-sacro strain. He described the injury as a stretching or tearing of the ligaments adjacent to the lumbo-sacro joint or muscle thereto. His opinion was that if a herniated disc existed Baker would require proper treatment before he could "return to normal function". He too opined that Baker could not perform the type of work which he was doing at the time of his injury and he did not speculate as to the fu-

ture of this man. Doctor Freizen agreed that whether the condition was a disc injury or a lumbo-sacro strain Baker was disabled at the time he saw him.

Doctor Ralph Angelucci deposed that he saw appellant initially on May 15, 1967, and that he too made a physical and X-ray examination. It was his opinion that Baker had a 60% limitation of anterior flexion of the lower back, diminished sensitivity of painful stimulation of the entire right lower extremity from the toes to the hip on the right side, tight low back muscles and hamstring or posterior leg muscles on straight leg raising. Doctor Angelucci was of the opinion that "from a neurological standpoint" the appellant was capable of returning to work. He recommended that Baker receive intensive physical therapy "to try and alleviate this spasm and improve it."

 In a case in which the Board finds against the claimant having the burden of persuasion, the issue on appeal to the court is whether the evidence for the claimant was so strong that the Board could not reasonably have found against him. Lee v. International Harvester, Ky., 373 S.W.2d 418 (1963). Also see Gentry v. Ressnier, Ky., 437 S.W.2d 756 (1969), and cases cited therein. In the instant case the evidence for the claimant was not so strong as to require a finding for him since the evidence for the employer created a conflict. Bays v. Indian Hills Country Club, Ky., 377 S.W.2d 86 (1964); Lookout Coal Co. v. Williams, Ky., 424 S. W.2d 591 (1968). The parties concede that "* * * if the factual conclusions of the Board are sustained by the evidence, this Court may not * * *" reverse. E. I. DuPont de Nemours & Co. v. Connick, Ky., 400 S.W.2d 522 (1966); Wiard v. Ken-Wel, Inc., Ky., 419 S.W.2d 765 (1967). The Board is the fact-finder. Joseph v. Blue Diamond Coal Co., Ky., 408 S.W.2d 467 (1966).

In its findings of fact the Board said "* * * plaintiff was temporarily disa-

bled from October 5, 1966, to and including May 15, 1967, and thereafter plaintiff had no disability by reason of said injury." It awarded him temporary total disability benefits for that period but denied any thereafter. There was evidence of probative value that Baker was able to follow at least two of his skills, driving a truck and the type of work he did for the finance company. The claim was for "disability benefits on the basis of a *total disability*." KRS 342.095. The Board must be upheld. Allen v. Com., Dept. of Highways, Ky., 425 S.W.2d 283 (1968), Cf. Round Mountain Coal Co. v. Tackett, Ky., 433 S.W.2d 128 (1968).

The judgment is affirmed.

All concur.