**Hobert WITTEN, Jr., Appellant,**

v.

**TERRY ELKHORN MINING COMPANY, John W. Young, Commissioner of Labor, and Workmen's Compensation Board, Appellees.**

Court of Appeals of Kentucky.

Dec. 5, 1969.

Rehearing Denied Feb. 27, 1970.

Robert J. Greene, Perry & Greene, Paintsville, for appellant.

Fred G. Francis, Prestonsburg, Martin Glazer, J. Keller Whitaker, Frankfort, for appellees.

PALMORE, Judge.

The appellant, Hobert Witten, Jr., hurt his back while lifting a truck tire on August 29, 1966, and was hospitalized for approximately two weeks before he was able to return to his job. On June 23, 1967, he again injured his back in a fall while working on a coal tipple. Both accidents arose out of and in the course of his employment with the appellee Terry Elkhorn Mining Company. His separate claims for workmen's compensation were consolidated and resulted in an award based on findings (1) that he had been paid compensation for his time off following the first injury and had not sustained any further disability from that incident, (2) that he had sustained temporary total disability for 32⅞ weeks as the result of the second accident, and (3) that he had not sustained any permanent disability from the second accident. He appeals to this court from a judgment of the Floyd Circuit Court affirming the award.

The claimant was 35 years of age at the time of the first accident mentioned above. He was able to do heavy manual labor and had never suffered any back trouble. When he returned to his customary job as a mine truck driver he experienced such pain with his back and legs that he procured a transfer to the job on which he was working at the time of the second accident. There is abundant evidence in the record that as the direct result of these two accidents he is seriously and permanently disabled. However, the Workmen's Compensation Board disregarded it upon the ground that it was bound by the report of Dr. T. Rothrock Miller, an orthopedic surgeon to whom it had referred the claimant under the provisions of KRS 342.121.

The vital portion of Dr. Miller's report was this:

"5. I could find no objective evidence of disability at the time of my examination on February 8, 1967."

The claimant promptly filed exceptions and a motion to review the medical report. His exceptions included the following:

"2. The examiner's statement that he could find no *objective* evidence of disability at the time of his examination is of little or no value because it is the intention of the Board that the examiner rather than merely parroting the well known defense doctors phrase: 'that he could find no objective evidence of any disability' that the examiner treat the patient as a human being and take into consideration the history, subjective findings, and other matters of importance.

"3. The examiner's report is so brief; so ambiguous; so hedging; and so lack of assistance to the Board as to require its review by the Board based on the specific exceptions set out herein."

■ It was held in Ed Hall Drilling Co. v. Profitt, Ky., 424 S.W.2d 403 (1968), that the review provided by KRS 342.121 (4) is limited to the questions raised by specific objections, and that a perfunctory or general objection is not enough for that purpose. See also Young v. City Bus Company, Ky., 450 S.W.2d 510 (decided October 3, 1969). In the case now before us the board ruled that the claimant's objections were general in nature and not sufficient to open up the medical report for a review. We do not agree.

■ The gist of the exception or exceptions we have quoted was that Dr. Miller's report that he "could find no objective evidence of disability" was not a satisfactory response to the board's order of appointment in which he was directed to state the percentage of disability "that plaintiff now suffers to his body as a whole," because it excluded consideration of subjective symptoms. We think it is permissible to take judicial notice that the symptomatology of back trouble, including disc injuries, is largely subjective. Hence the subjective complaints of the patient should not be excluded from the physician's evaluation. If he believes the patient is malingering he should say so, but to avoid the question entirely is to evade the purpose of the examination. It is our opinion that the exceptions specifically raised this point and that the board should have considered the evidence as a whole in reaching its conclusions.

The judgment is reversed with directions that the cause be remanded to the board for further proceedings consistent with this opinion.

HILL, C. J., and MILLIKEN, NEIKIRK, REED, and STEINFELD, JJ., concur.