Jincie Jenette EVANS, Appellant,

v.

**COMMONWEALTH of Kentucky and Board of Claims, Appellees.**

Court of Appeals of Kentucky.

Sept. 18, 1970.

Rehearing Denied Dec. 18, 1970.

Robert J. Greene, Perry & Greene, Paintsville, for appellant.

Don Huff, Dept. of Highways, Frankfort, Edmond H. Tackett, Dept. of Highways, Pikeville, Paul E. Hunley, Dept. of Highways, Frankfort, for appellees.

STEINFELD, Judge.

Appellant, Jincie Jenette Evans, was injured on December 4, 1964, when an automobile in which she was riding ran into a rock slide on U.S. Highway 23 near Paintsville. She filed a complaint with the Board of Claims (KRS 44.070) against "Department of Highways, Commonwealth of Kentucky." The board said "The plaintiff has failed to show actionable negligence upon the part of the defendant, Commonwealth, Department of Highways, in failing to anticipate the rock slide or failing to take corrective action under the circumstances to prevent the plaintiff's injury."

Citing Commonwealth, Dept. of Highways v. Begley, Ky., 376 S.W.2d 295 (1964) and Commonwealth v. Dever, 284 Ky. 150, 143 S.W.2d 1065 (1940), it ordered the claim dismissed.

Within the 30 days allowed by KRS 44.-140 Jincie filed in the Johnson Circuit Court a "Petition for Appeal from Opinion and Order of the Kentucky Board of Claims" against "Commonwealth of Kentucky." She was met by a motion to dismiss " * * for the reason that the appeal * * * failed to name an essential party, the Department of Highways." The court did not reach that defense, but dismissed after finding evidentiary support for the ruling of the Board of Claims.

On her appeal here appellant claims that " * * * The Highway Department was negligent as a matter of law in failing to warn (her) of the condition of the highway * * * and/or to remedy that condition". Secondly, she contends that "The Commonwealth of Kentucky through its agent Trooper Paul Fraim was negligent as a matter of law in failing to warn (her) of the dangerous condition of the road after the slide occurred."

▆▆ The exact time of the accident was uncertain but the slide occurred shortly before dark. An employee of a nearby grocery tried by telephone to alert several employees of the highway department. The one she finally reached arrived within thirty minutes after receiving the call, the shortest time reasonably possible from the distant place in which he was located. The accident had occurred before his arrival. To impose liability, knowledge of the unsafe condition, or that it existed for a sufficient length of time for such knowledge to have been obtained by the use of ordinary care, must be shown. City of Dayton v. Thompson, Ky., 372 S.W.2d 407 (1963). The state employees who testified said that they had no previous warning or indication that there was danger of the slide. Although there was conflicting testimony, the board accepted the evidence which showed lack of notice or knowledge. It had that privilege.

With respect to the charge that Detective Fraim was negligent in failing to protect the claimant, the board observed " * * * he did move some of the debris out of the road so he could get through." For some strange reason, no one questioned Fraim as to why he did not remain at the scene or put out flares or take some action to warn motorists of the situation. He appeared as a witness and was interrogated only as to the occurrence of a rock slide. He was not asked about his duties or what he did, if anything. The board was not informed if he telephoned for help, if he had flares or other warning equipment available or if he was on an emergency mission. The claimant did not show that Fraim failed to perform a duty.

▆▆ The evidence was not so strong as to require the board to find in favor of the claimant. The circuit court did not err in affirming—it could not do otherwise. Baker v. Codell Construction Co., Ky., 437 S.W.2d 759 (1969).

The judgment is affirmed.

All concur.