**John W. YOUNG, Commissioner of Labor of the Commonwealth of Kentucky, etc., Appellant,**

v.

**William H. BOWLES et al., Appellees.**

Court of Appeals of Kentucky.

Oct. 9, 1970.

Rehearing Denied Jan. 29, 1971.

Martin Glazer, Dept. of Labor, Frankfort, Gemma M. Harding, Dept. of Labor, Louisville, for appellant.

James M. Graves, William P. Swain, Boehl, Stopher, Graves & Deindoerfer, Louisville, Laurence T. Gordon, Franklin & Gordon, Madisonville, for appellees.

STEINFELD, Judge.

This is an appeal by the Special Fund from a circuit court decision affirming an award of the Workmen's Compensation Board. The board found the employee, Bowles, to be totally and premanently disabled as a result of an injury he sustained while following his usual occupation as a welder and its arousal of a pre-existing dormant diseased condition. It apportioned the award 15% against the employer and 85% against the Special Fund. The only attack is on that apportionment. We affirm.

The injury occurred on May 12, 1967, after which Bowles was away from work for five days, returned to full employment until May 21, 1967, and worked continuously through August 3, 1967. He filed his claim on April 3, 1968, against his employer and the Special Fund.

The board appointed Dr. Armand Fischer (KRS 342.121) who reported that the claim-

ant was 25% functionally disabled with 12½% attributable to the arousal of the pre-existing arthritic condition [1] and 12½% attributable to the injury. The Special Fund and the employer filed no objections to Dr. Fischer's report but objections were filed by counsel for the claimant.

Appellant contends that the exceptions filed were general rather than specific, a requirement of KRS 342.121(4), therefore, the findings reported by Dr. Fischer were binding on the board. Columbia Coal Company v. Griffie, Ky., 425 S.W.2d 755 (1968). Voluminous and detailed exceptions sufficiently specific were filed, therefore, this contention is without merit. Witten v. Terry Elkhorn Mining Company, Ky., 449 S.W.2d 744 (1970).

Two doctors apportioned the disability on a fifty-fifty basis, however, Dr. Horace Norrell said that all of the claimant's disability was caused by the spondylolisthesis, a condition which was aroused by the injury. His testimony furnished a basis for the board to apportion 85% of the award against the Special Fund.

The judgment is affirmed.

All concur, except OSBORNE, J., who did not sit.

---

1. No contention is made that an arthritic condition was not a disease.