**James N. MONROE, Appellant,**

v.

**COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS and Workmen's Compensation Board, Appellees.**

Court of Appeals of Kentucky.

June 25, 1971.

Wayne W. Freeman, Louis V. Mangrum, Mayfield, for appellant.

James Robinson, Paducah, for appellees.

REED, Judge.

The Workmen's Compensation Board awarded James Monroe compensation benefits to be paid by his employer, Department of Highways. Monroe's occupational disability was determined by the board to amount to 25 percent permanent partial. Monroe appealed to the circuit court where he insisted that he was entitled to benefits for total and permanent disability. The circuit court held that it was without authority to disturb the board's award. Monroe appealed that decision to this court. We affirm the circuit court.

Monroe, a laborer performing manual work for the Highway Department, injured the left side of his lower back while lifting a "clam bucket." Monroe testified that one year after the injury recurring pain in his hip and leg prevented him from engaging in any occupation for which he was qualified. His testimony was corroborated by his wife. This constituted the lay evidence for the board's consideration.

The medical evidence consisted of the testimony of three properly qualified orthopedic specialists. Their estimates of Monroe's functional impairment by reason of his injury ranged from 15 percent to the body as a whole to total and permanent disability. Two of the physicians were of the opinion that Monroe was unable to work as a laborer; one of the two felt that surgery would reduce his bodily impairment by 80 percent—the other did not believe surgery was feasible. The remaining specialist testified that Monroe was functionally impaired to the extent of 15 percent and that he was able to pursue the work in which he was engaged at the time of his injury. All agreed that the accident had caused a low back injury involving an intervertebral disc. They were not in agreement on the cause of the claimed continuing pain nor on the extent of the pain's significance concerning Monroe's ability to perform his occupation.

In Witten v. Terry Elkhorn Mining Company, Ky., 449 S.W.2d 744 (1969), it was recognized that the symptoms of back trouble are subjective in considerable part and that an evaluating physician should not in such a case exclude the claimant's subjective complaints from consideration of the question concerning the extent of the patient's disability, unless the physician concludes that malingering is present, in which event the physician should affirmatively state the finding of malingering.

Ruby Construction Company v. Curling, Ky., 451 S.W.2d 610 (1970) and N. G. Gilbert Corporation v. Russell, Ky., 451 S.W.2d 613 (1970), both held that the claimant's subjective complaints were relevant and that such testimony was admissible to be considered on the issue of extent of disability.

Therefore, it appears beyond question that Monroe's testimony together with some of the medical evidence would have supported an award of total and permanent disability, if the board had so found; moreover, this conclusion would then have been binding on judicial review from an evidentiary standpoint.

There was, however, contrary medical evidence. Monroe argues that it was without probative value because it was internally contradictory. It is asserted that because the physician who gave this evidence refused to brand his patient a malingerer and because the physician readily conceded that pain was encountered in this kind of injury, his medical opinion that Monroe could resume his job should be disregarded.

The orthopedic specialist to whose testimony the attack is directed did not exclude Monroe's complaints of pain from his evaluation. He purported to recognize them and include them in his appraisement of Monroe's ability to return to work. Although he was unable by examination and diagnostic procedures to find any demonstrable cause of present disability, he, nevertheless, accepted the complaints of continuing pain to the extent of determining that Monroe had a 15 percent permanent partial functional impairment to the body as a whole.

In the Russell case, we noted the caveat contained in Baier v. Schnell, Ky., 323 S. W.2d 587, to the effect that less weight should be attached to purely subjective evidence when medical evidence demonstrates that the degree of disability indicated by the subjective testimony is greater than should be expected to be demonstrated. We cannot say that the medical evidence to which Monroe's attack is directed was without probative value or otherwise incredible. Its weight and credibility were for the board's determination. The courts are powerless to retry compensation cases and substitute their evaluation of the weight of the evidence for that of the board. The test is not what we would have done; the issue is whether the value judgment under review is supported by substantial evidence.

We are unable to distinguish this case in controlling principle from Baker v. Codell Construction Company, Ky., 437 S.W.2d 759 (1969). There the claim was for total and permanent disability from a low back injury; there some of the medical evidence supported the claimant's subjective complaints of pain of such character that he was unable to work; there contradictory medical evidence was present which admitted the existence of pain, but discounted to some extent its occupational significance so far as the claimant was concerned. The board's determination to deny total disability benefits was upheld. The board is the fact finder. The court is not.

The judgment is affirmed.

All concur.