COMMONWEALTH of Kentucky, DEPART-
MENT OF HIGHWAYS, et al.,
Appellants,

v.

Walter HOSKINS and Laura Hoskins,
Appellees.

Court of Appeals of Kentucky.

May 18, 1973.

Carl T. Miller, Gen. Counsel, Dept. of Highways, Frankfort, David G. Carroll, Wendell V. Lyon, Jr., Dept. of Highways, Somerset, for appellants.

Denver Adams, Hyden, for appellees.

CATINNA, Commissioner.

This is an appeal from a judgment of the Leslie Circuit Court setting aside an order of the Board of Claims denying Walter and Laura Hoskins relief upon a petition filed with the Board and remanding their claim with directions that the Board enter an order awarding them $8,500.

Walter Hoskins and Laura Hoskins, his wife, owned a tract of land on Stinnett Creek. The Highway Department owned a right-of-way across the Hoskinses' property upon which it constructed a blacktop road.

At the time Hoskins conveyed the right-of-way to the Department of Highways, he operated a service station on what he termed the lower side of the road toward the creek. After the road was black-topped, Hoskins blasted a site out of the hill across the road and built a general merchandise store.

Hoskins claimed that in 1967 a slide developed and the blacktop road broke and slid toward the creek. Where and how the slide started is not explained in the evidence or in any of the pleadings. The judgment of the Leslie Circuit Court says that the slide "commenced right in the center of the blacktop portion and broke through both property lines of the plaintiff."

There is further evidence that the break caused the road to sink down a foot or so right in front of the grocery store so that people couldn't drive in to patronize the business.

The Highway Department, upon learning of the break, made numerous efforts to repair it and to stabilize the slide. More than sixty truckloads of blacktop were

used to fill the hole resulting from the slide, and eventually creosote posts were driven in a line along the lower side of the road.

An engineer testified for the Highway Department, stating that the slide was the result of surface water which percolated down onto a rock ledge thereby lubricating it to such an extent that a slide developed. This engineer testified that Hoskins, in erecting his store, had filled all the ditch lines in order to provide parking spaces for customers, thereby destroying the drainage, which caused water to accumulate and soak into the ground rather than run off.

Hoskins bases his claim upon the negligence of the Highway Department in its failure to properly maintain its right-of-way and to forthwith repair the slide, while the Department maintains that the slide was caused by the sole negligence of Hoskins.

The evidence on the question of who was negligent and who might have caused the slide and the resulting damages is sharply in conflict.

In a case in which the Board finds against a claimant having the burden of persuasion, as in this instance, the issue on appeal to the court is whether the evidence for the claimant was so strong that the Board could not reasonably have found against him. In this case the evidence for Hoskins was not so strong as to require a finding for him since the evidence of the Highway Department created a conflict.

We have examined the entire record and cannot say that the total evidence was so strong and persuasive as to compel a finding in favor of the Hoskinses. Baker v. Codell Const. Company, Ky., 437 S.W.2d 759 (1969); Evans v. Commonwealth, Ky., 459 S.W.2d 761 (1970).

The judgment of the Leslie Circuit Court is reversed with directions that a new judgment be entered in conformity with this opinion.

PALMORE, C. J., and MILLIKEN, OSBORNE, REED, STEINFELD, and STEPHENSON, JJ., sitting.

All concur.