## Shrader v. Commonwealth et al. (two cases).

## Leet v. Commonwealth et al.

March 1, 1949.

Clark & Manby and J. Ballard Clark for appellants.

A. E. Funk, Attorney General and John C. Talbott, Assistant Attorney General for appellees.

OPINION OF THE COURT BY JUDGE HELM—Affirming.

Appellant in each of these consolidated cases filed a petition before the Board of Claims for highway damage claims in accordance with KRS 176.290-176.380. The Board dismissed each of these petitions. Each plaintiff appealed to the Franklin circuit court. This is an appeal from a judgment of the Franklin circuit court affirming the order of dismissal of the Board.

The petition of Jean Shrader is as follows:

"Plaintiff, Jean Shrader, states that on December 25, 1945 while she was riding in a 1945 Chevrolet Milk Truck owned by Elmer Leet and driven by Douglas Shrader, on U. S. Highway No. 42 in Jefferson County, Kentucky, at a point North of the Zachary Taylor Monument at about 3:30 o'clock P.M. a large boulder fell from the East side of the right of way of said road immediately across the said road striking the truck in which the plaintiff was riding, and damaging the said truck and injuring this plaintiff as follows: A severe head injury from which she suffered a serious concussion of the brain, and she was otherwise severely bruised and injured about her head and body and limbs, and suffered a severe nervous shock which necessitated her being confined to a hospital for a period of two weeks, and from which she suffered great physical pain and mental anguish by reason of it, and as a direct and proximate result thereof, and has been damaged in the sum of One Thousand ($1000.00) Dollars.

"Plaintiff states that by reason of said injuries and as a direct result thereof, she was required to have medical and hospital treatment, and that she was required to and did pay to Dr. R. O. Joplin the sum of Eighty Two ($82.00) Dollars for medical services, and to the Kentucky Baptist Hospital the sum of Sixty Dollars and Sixty Five ($60.65) Cents.

"Plaintiff further states that the said road at said place runs through a cut which was blasted out of rock and that on each side of said road there are high rocky banks approximately 20 feet in height on and overlooking the right of way of said road, and that said road is under the supervision and maintenance of the defendant, Commonwealth of Kentucky, acting by and through its State Highway Department, and said road is owned by the Commonwealth of Kentucky.

"Plaintiff states that the said defendants negligently and carelessly permitted the said loose rock to remain above the said road in a dangerous position so that the same could and did fall over and against the automobile truck in which the plaintiff was riding, and which dangerous condition was not known to the plaintiff, or the driver of the truck, and which was known

to the defendants, or could have been known to them by the exercise of ordinary care.

"Plaintiff further states that the said personal injuries to her and the damages sustained thereby and her said loss of time and her hospital and doctors bills were caused by and due to the gross negligence and carelessness of the defendants, their agents and servants and employees as hereinabove set out.

"Wherefore, plaintiff, Jean Shrader, prays for a judgment against the defendants in the sum of One Thousand ($1000.00) Dollars for costs herein expended and for all proper relief."

The other petitions are similar to this.

On Christmas day, December 25, 1945, the appellants, Gayle Shrader and wife, Jean Shrader, were riding in a truck owned by the appellant, Elmer Leet, and driven by Douglas Shrader. They were driving north at about thirty-five miles an hour on the righthand side of U. S. 42, a four lane highway in Jefferson county. At about 3:30 P.M., when near the Zachary Taylor monument, a few miles north of Louisville, a large, more or less round rock, about 3½ feet in diameter, fell or rolled from a cliff onto the highway, striking the truck.

At a curve on the righthand side, Mrs. Douglas Shrader, who was riding with them, saw the boulder as it was starting to fall from a rocky, vertical cliff about thirty feet high; she hollered, her husband, the driver, swerved to the left; the rock rolled down from the bluff, caught the right back wheel, blew out two tires, mashed the wheel down, got under the back wheel and caused the truck to overturn.

Appellants, Gayle Shrader and Jean, seek damages for personal injuries. Appellant, Leet, asks for damages for injury to his truck. Each claim is limited to $1,000.

In their brief, appellees "concede that the falling or rolling rock did in fact strike the car of Elmer Leet, causing damage, which is the subject of proof herein." Appellees contend that appellants "failed in proof of two facts which are absolutely essential to justify recovery. In fact, they did not make any appreciable effort to prove these facts, which are; firstly, the existence of

a dangerous condition and, secondly, that the defendant, Department of Highways, had notice of such dangerous condition, or, by the exercise of ordinary care, should have had notice of such dangerous condition.''

For appellees it is shown that the roadway in question was constructed by qualified road contractors according to plans and specifications of the Department of Highways. It is shown that the rock cuts in question conform to accepted engineering practices; that before the road was accepted from the contractors for maintenance, it was carefully inspected and all loose rock removed from the cuts. It was not shown that weather or erosion or other causes had created a change of conditions. There was no proof to show whether the boulder came from the top of the cliff or out of the face of the cliff, or to show the appearance of the boulder or the appearance of any place from which it came.

Lee Puryear, a resident engineer living in Louisville, stated that this highway was completed in 1935 or 1936; that the road is maintained as constructed; that few safeguards can be taken against falling rock, ''for you never know when rock is going to fall unless you know that the rock is lose;'' that ''ordinarily you do not get any loose rock falling out unless because of erosion.''

S. M. Stagg, assistant engineer, went to the point where the truck was struck. He says that the vertical rock cut represents good engineering practice; that all loose rock is removed before the road is accepted from the contractor; that routine inspection trips are made on all roads.

Sam J. Nicholson, supervisor, was familiar with U. S. 42 in Jefferson county at the place where the truck was struck. He had made regular inspection trips on this highway at this point two or three times a week, the last one three or four days before the accident. He did not see any rocks likely to fall or any condition that he considered dangerous. He stated that if any rocks had been in such condition, he thinks he would have seen them; that he had had no notice of any previous accident there due to falling rocks; that he had not been called on to remove any fallen rocks from the roadway; that his duty was to travel the highways in his district

and to observe or check for dangerous conditions, including those on cliffs.

The findings of Hon. Ben Fowler, referee for the Board, were in part as follows:

"The plaintiffs, from their testimony, showed that they had no warning and no opportunity to avoid the accident. The rock rolled from the cliff just as they were approaching it and the driver attempted to miss the rock but could not. He swerved and missed it with his front wheels but the rock struck the rear wheels of the truck and turned it over. There is no evidence in the record as to just how or why this rock fell from the cliff and there is not the least indication that there was any condition in the cliff which might place the public or the Highway Department on notice that a dangerous condition existed. There had been no report of large rocks falling onto the road in this cut or in any of the other several rock cuts along this highway.

"It was shown that from time to time loose dirt and small rocks had fallen into the ditch line in this particular cut, however, this result of weather and natural erosion did not and had not produced any dangerous situation prior to the accident. * * *

"The rule of law which is applicable to this case was stated in the case of Commonwealth v. Dever, 284 Ky. 150, 143 S.W.2d 1065 where the Court said: 'But the Highway Commission even when the State has waived its immunity from suit is not an insurer against accidents arising from defects or dangerous conditions on a public highway. Its duty is merely that of a private corporation or municipality subject to suit, namely to exercise ordinary care to prevent injury, from defects in the highway.'

"The Highway Department would be liable for the injury in this case if it had notice of the dangerous condition and failed to take reasonable precautions to protect the traveling public from injury as a result of the condition. The Department would also be liable if by the exercise of reasonable care, they could have or should have discovered the dangerous condition and by their failure to exercise that care, did not make the discovery and took no measure to protect the public.

"The plaintiff in his brief argues that the doctrine of res ipsa loquitur applies to this case. We do not think that it has any application here and cite as our authority the case of City of Corbin v. Benton, 151 Ky. 483, 152 S.W. 241, [43 L.R.A.,6.S., 591]. In that case the plaintiff had slipped on a broken flagstone in the pavement which was maintained by the City of Corbin. Although the stone was broken, the break was not obvious or noticeable to any person and appeared to be in perfect condition. The Court refused to apply the doctrine of res ipsa loquitur in this case because the City did not have such management or control over the streets that would justify the application of the doctrine. In this case the Department of Highways would not have sufficient management, control or knowledge to justify the application of the doctrine of res ipsa loquitur.

"It is common knowledge and the testimony in this record indicates that whenever a cut is made through solid rock that there is always some danger of the rocks becoming loose and falling. The rocks may have been broken or cracked during the blast when the cut was constructed. These breaks, in many cases, are unforeseeable, being inside breaks. The natural erosion and the result of freezes and thaws have the effect of sluffing off dirt and small rocks from the face of the cut. If there is such a latent defect over a period of time it is likely to cause the kind of trouble which happened in this accident. It is also possible that a rock, because of some strain, may break off without warning and fall into the road. Neither of these possibilities would be apparent, even on close inspection.

"In my opinion, there was no reason for the Department of Highways to suspect a dangerous condition at the place where this accident happened. The record shows that for a period of ten or eleven years there had been no trouble of this kind in this cut or in any of the cuts on Highway 42. The record further shows that the cuts were constructed in a proper manner and that all loose rock was taken out of the cliffs before the highway was opened to the public. It seems impossible to say in this case that even if the Highway Department had instituted a more rigorous inspection system,

that they would have discovered that the rock which caused the injury in this case was dangerous and should have been removed. It is my recommendation that this claim be dismissed. The accident was an unfortunate one for the plaintiffs in this case but it happened at a place and in a manner which was unforeseeable to the Highway Department as well as the plaintiffs and the traveling public itself.''

The order of dismissal was as follows:

''These claims having been submitted to the Board on the pleadings, briefs, transcripts of testimony and report of the Referee, and exceptions having been filed to said report it is now ordered and adjudged that the report be sustained and that the claimants' petition be and is hereby dismissed.

''It is further ordered by the Board that the Commonwealth shall pay the costs of this proceeding.

''A. E. Funk
''John W. Manning
''Members of the Board

''Being of the opinion that the Highway Department was negligent, both in the construction of the cut and failure to apprehend and eliminate the overhead hazard in the cut, I dissent from the above decision.

''R. Campbell Vansant''

KRS 176.290 provides:

''(1) A Board of Claims composed of a judge or commisisoner of the Court of Appeals appointed by the Chief Justice of the Court of Appeals, the Attorney-General and the Commissioner of Finance, is hereby created and vested with full power and authority to investigate, hear proof, and to compensate persons for damages sustained to either person or property as a result of negligence in the construction, reconstruction, maintenance and policing of highways by the Department of Highways.

''(2) The board shall have jurisdiction of claims for the recovery of money where the value in controversy, exclusive of interest and costs, does not exceed $1,000.''

KRS 176.340 provides:

"An award or judgment shall only be made after careful consideration of the facts surrounding the matter in controversy, and no award or judgment shall be made unless the board is of the opinion that the damage claimed was caused by such negligence on the part of the Department of Highways or its agents as would entitle claimant to a judgment in an action at law if the state were amenable to such action."

KRS 176.360 provides for an appeal to the Franklin circuit court and that:

"(2) On appeal no new evidence may be introduced, except as to fraud or misconduct of some person engaged in the hearing before the board. The court shall hear the cause upon the record before it, and dispose of the appeal in a summary manner, being limited in determining: Whether or not the board acted without or in excess of its powers; the award or judgment was procured by fraud; the award or judgment is not in conformity to the provisions of KRS 176.290 to 176.380; and whether the findings of fact support the award or judgment."

There is no showing of fraud or misconduct in the hearing before the Board. The wording of KRS 176.360 (2) is very similar to the provision for appeals in Workmen's Compensation Board cases. There we have held in many cases that the findings and awards of such boards, if supported by substantial evidence, are conclusive. Hollenbach Co. v. Hollenbach, 181 Ky. 262, 204 S.W. 152, 13 A.L.R. 524; 19 West's Kentucky Digest, Workmen's Compensation, key 1939.

Here, although we might have reached a different conclusion if we had been members of the Board, there is substantial, competent evidence to suport the findings of the Board of Claims.

The judgment of the circuit court is affirmed.