MORRISON et al. v. DEPARTMENT OF
HIGHWAYS (Board of Claims).

Court of Appeals of Kentucky.
Oct. 31, 1952.

Crawford, Jull & Gentry, Louisville, for
appellant.

J. D. Buckman, Jr., Atty. Gen., Armand
R. Angelucci, Asst. Atty. Gen., for appel-
lee.

WADDILL, Commissioner.

This appeal is from a judgment of the
Franklin Circuit Court affirming an order
of the Board of Claims which dismissed ap-
pellants' petition for damages.

The action was brought under the provi-
sions of KRS 44.070 and stems from a col-
lision involving the automobile driven by
appellant, Keith Morrison, and a truck op-
erated by an employee of the Department
of Highways within the scope of his em-
ployment. The accident occurred on the
afternoon of August 31, 1949, on Highway
62 in Oldham County, Kentucky. The
amount of damages asserted by appellants
is $718.05 and is not in issue. There is no
claim for personal injury.

The right to maintain an action of
this character against an agency of this
Commonwealth is purely statutory. KRS
44.150 provides that an appeal may be tak-
en to this Court, but it limits the review in
this Court to:

"* * * matters subject to review
by the circuit court and also errors of
law arising in the circuit court * * *."

Appellants concede that the sole question
the circuit court had before it on appeal was
whether or not the findings of fact support
the judgment.

In Shrader v. Commonwealth, and
in Leet v. Commonwealth, (consolidated
cases) reported in 309 Ky. 553, 218 S.W.2d
406, this Court held that the findings of
fact by the Board of Claims are conclusive
if supported by substantial evidence.

The record discloses that appellant, Keith
Morrison, was the only witness who testi-

fied before the Board to sustain his theory of the case. On the other hand, appellee introduced several witnesses whose testimony amply supports the findings of the Board. Appellee's witnesses testified that immediately prior to the accident appellant's automobile was being driven at an excessive rate of speed and that although the driver of appellee's truck gave proper signals of his intention to make a left turn, appellant's car was driven into the rear of the highway truck.

The evidence presents a sharp conflict as to whose negligence caused the accident, and therefore, it was a matter that was within the province of the Board to decide.

Judgment affirmed.

MOREMEN, J., not sitting.