## COMMONWEALTH et al. v. MUDD.

Court of Appeals of Kentucky.
March 6, 1953.

990

J. D. Buckman, Jr., Atty. Gen., and Squire N. Williams, Jr., Asst. Atty. Gen., for appellant.

Thomas Marshall and Funk, Chancellor & Marshall, Frankfort, Vernon Shuffett, Greensburg, for appellee.

COMBS, Justice.

William Mudd was shot in the arm by a state game warden. He filed claim for damages with the Kentucky Board of Claims, and the Board, after hearing, dismissed the claim. On appeal to the Franklin Circuit Court the order of the Board was set aside and judgment entered for Mudd in the amount of $5000.

The evidence is conflicting as to how the shooting occurred. The evidence for the Commonwealth is that the warden shot Mudd in self-defense while attempting to arrest him for illegal fishing. According to Mudd and his witnesses he was shot without provocation or cause. There is substantial evidence to support either version.

The Board of Claims is an administrative agency created by the Legislature in 1946, with authority "to investigate, hear proof, and to compensate persons for damages sustained to either person or property as a proximate result of negligence on the part of the Commonwealth, any of its departments or agencies, or any of its agents or employees while acting within the scope of their employment." The statute creating the Board was reenacted in 1950 and now appears as KRS 44.070–44.160. The statute provides that on an appeal from an award or judgment of the Board the circuit court shall dispose of the appeal in a summary manner, the court being limited to determining whether: (1) the Board acted in excess of its powers; (2) the award was procured by fraud; (3) the award is not in conformity with the statute; (4) the finding of fact supports the award or judgment.

■ The Board of Claims was created to provide a method for the processing of claims against the Commonwealth with a minimum of formality and delay, and, as we construe the Act, the Legislature did not intend that the courts would retry a case on conflicting facts after it has been heard by the Board. It was held in Shrader v. Commonwealth, 309 Ky. 553, 218 S.W.2d 406, and reaffirmed in Morrison v. Department of Highways, Ky., 252 S.W.2d 426, that findings of fact by the Board of Claims are conclusive if supported by substantial evidence. We find no evidence of the existence of grounds 1 through 3, mentioned above, and since there is substantial evidence to support the finding of fact by the Board, the courts are prevented by the terms of the statute from disturbing that finding.

The judgment is reversed with directions to approve the findings of the Board of Claims.

MOREMAN, J., not sitting.