### COMMONWEALTH of Kentucky, DEPART-MENT OF HIGHWAYS, Appellant,

v.

### Mavis BROWN, Appellee.

Court of Appeals of Kentucky.

April 28, 1961.

John B. Breckinridge, Atty. Gen., H. D. Reed, Jr., Asst. Atty. Gen., Lawrence L. Pedley, Louisville, for appellant.

J. D. Atkinson, Jr., Greenup, for appellee.

BIRD, Chief Justice.

This action originated in the Board of Claims and arose out of an accident caused solely by the icy condition of a curve on a highway maintained by the Commonwealth of Kentucky.

Mavis Brown was awarded damages for her personal injury by the Board of Claims. The circuit court upheld the award on appeal and the Commonwealth has appealed to this Court.

There is no dispute concerning the facts. The road except for the curve was clear. The Commonwealth had been fully aware of the icy condition of the curve for at least thirty-six hours before the accident. The Commonwealth in no way contributed to the hazardous condition of the curve. It simply had not cleared the highway of snow and ice at that point. The condition was obscured to motorists by reason of the curve.

The only question to be decided on this appeal is one of law. Was it the duty of the Commonwealth to remove the snow and ice from the highway or to give warning of a dangerous condition caused by the natural accumulation of ice and snow on its surface?

The statutes do not place this burden on the Commonwealth. It is insisted however that the Commonwealth has for years assumed the responsibility of clearing the highways of snow and ice as a regular

and basic task of highway maintenance and management, and that now its failure to do so, in the absence of an adequate warning of a known danger, is a breach of duty upon which an injured user may recover.

 We are not inclined to adopt this theory as a basis for liability. It is true that highway users depend upon the Commonwealth to keep its highways reasonably safe for travel and there are instances when liability may attach because of defects and obstructions known by the Commonwealth to exist. Commonwealth v. Dever, 284 Ky. 150, 143 S.W.2d 1065; Shrader v. Commonwealth, 309 Ky. 553, 218 S.W.2d 406.

The natural accumulation of snow and ice does not however constitute such a defect or obstruction, and the Commonwealth's practice of removing it is a mere gratuity which may with immunity be abandoned at any time.

We find no breach of duty. The judgment is therefore reversed for proceedings consistent with this opinion.