**COMMONWEALTH of Kentucky, DEPART-MENT OF HIGHWAYS, Appellant,**

v.

**Jane H. CALLEBS, Administratrix of the Estate of Cecil Callebs, Deceased, Appellee.**

Court of Appeals of Kentucky.

June 19, 1964.

Rehearing Denied Sept. 25, 1964.

————◆————

John B. Breckinridge, Atty. Gen., William A. Lamkin, Jr., Asst. Atty. Gen., Frankfort, Jarvis Allen, Pikeville, for appellant.

Charles G. Cole, Jr., Barbourville, for appellee.

CULLEN, Commissioner.

Cecil Callebs, driving an automobile on U. S. Highway No. 25E near or in the outskirts of Barbourville, during a windstorm, was killed when a large sycamore tree, standing on the edge of the right of way some 12 feet from the edge of the pavement, fell across the highway upon the automobile. The trunk of the tree broke at a point from four to eight feet above the ground.

Callebs' administratrix filed with the Board of Claims a claim against the Kentucky Department of Highways for wrongful death. The board, after hearing extensive evidence, found that there was no negligence on the part of the department and denied the claim. On appeal to the circuit court judgment was entered setting aside the order of the board and remanding the case to the board with directions to grant an award of $10,000. The Department of Highways has appealed from that judgment.

The Department of Highways did not have actual notice of the defective condition of the tree which caused it to break and fall. The issue in the case is whether the department was chargeable with constructive notice of the defective condition, or, stated another way, whether a reasonable inspection would have disclosed the condition. This involves the question of how close an inspection was reasonably required.

The evidence concerning the observability of the defective condition of the tree was conflicting. The Board of Claims chose to believe those witnesses who said that the leaves of the tree were green and the defective condition of the trunk was in the side away from the highway where it could not be seen from the traveled portion of the highway and could have been discovered only by walking around behind the tree, which perhaps would have involved an entry upon private land abutting the highway. The board found as a fact that such were the conditions of observability. The board

further found as a fact that the Department of Highways was not negligent in failing to discover the defective condition of the tree.

In order to affirm the circuit court judgment, which set aside the order of the board, we would be required to hold that as a matter of law the Department of Highways had a duty to make a "walk-around" inspection of the tree, involving perhaps an entry on private lands. We do not believe that such is the law.

We have been cited to no authority, nor has our research disclosed any, imposing by law so great an inspection duty on public highway authorities in an area such as here involved. Although the area may have been within the city limits of Barbourville, it was not truly urban in character, and in the near vicinity there were wooded hillsides along the road. In such an area we cannot say as a matter of law that the burden of a walk-around inspection of each tree near the highway (perhaps requiring the obtaining of entry permission from the abutting landowners) would not be unreasonable in comparison with the risk.

In Lemon v. Edwards, Ky., 344 S.W.2d 822, we held that as a matter of law a private owner of forest lands adjacent to a little-used road in a sparsely settled area did not have any duty of inspection to discover whether trees had become dangerous through natural processes of decay. And in Shrader v. Commonwealth, 309 Ky. 553, 218 S.W.2d 406, we held that the Department of Highways did not have the duty, even along a four-lane main highway near Louisville, to make such a close inspection of cliffsides along the road as would discover that a boulder seemingly safely imbedded had in fact become loosened so as to be liable to fall on the highway. These appear to be the only two comparable Kentucky cases, and they do not lend support to the judgment of the lower court in this case.

Foreign cases are annotated in 11 A.L.R. 2d 626 and 14 A.L.R.2d 186. It is suffi-

cient to say that those cases do not support the proposition that public highway authorities under conditions such as existed in the instant case, have as a matter of law a duty to make the kind of inspection that would have been required in this case (under the facts as found by the Board of Claims) to discover the defect in the tree.

The judgment is reversed with directions to enter judgment sustaining the order of the Board of Claims.