**COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,**

v.

**Mary MAIDEN, Appellee.**

*Court of Appeals of Kentucky.*

Oct. 14, 1966.

As Modified on Denial of Rehearing
Feb. 17, 1967.

Robert Matthews, Atty. Gen., H. C. Smith, Asst. Atty. Gen., Frankfort, Eugene H. Clark, Dept. of Highways, Paul L. Madden, Manchester, for appellant.

Watson & Watson, Middlesboro, for appellee.

CULLEN, Commissioner.

Mary Maiden, a woman 62 years of age, fell and sustained injuries when she stepped into a hole or depression in Cumberland Avenue in the City of Middlesboro, a street which the Department of Highways had taken over and agreed to maintain as a part of the state road system. Mrs. Maiden's claim for damages, filed with the Board of Claims, was rejected by the board on the ground that the Department of Highways was not negligent in failing to discover the defect in the street, and had no actual or constructive knowledge of the defect. On appeal to the circuit court judgment was entered reversing the order of the board and remanding the case to the board with directions to make an award of damages for permanent injuries. The Department of Highways has appealed from that judgment.

The block in which the accident occurred is in a busy commercial area. There is diagonal automobile parking on both sides of the street and during business hours the parking spaces usually are full. The hole or depression into which Mrs. Maiden stepped (about 24 inches long, 9 inches wide and 3 inches deep) was located almost entirely within the limits of a parking space (at the back end) and thus would be substantially concealed from view when a car occupied the space. (At the time of the accident the space was not occupied.)

There was evidence that the hole had been there for some six months. The maintenance foreman for the Department of Highways testified that it was his duty to inspect all state-maintained roads in Bell County; that he inspected Cumberland Avenue in Middlesboro at least every two weeks; and that his inspections were made when driving along the street in a pick-up truck during business hours. He said it would have been impossible to see the hole in question if there had been a car parked there, and that he had never made a "walk-around" inspection under the parked cars along this street. His inspections did not in fact disclose the hole.

We have held that the law applicable to municipal corporations in respect to defects in streets applies equally to the state (where immunity has been waived) in respect to defects in state highways. See Commonwealth, Dept. of Highways v. General & Excess Insurance Co., Ky., 355 S.W.2d 695. As concerns *notice* of defects, the rule is that if the defect has existed for such a period of time that the authorities, by exercise of ordinary care and diligence, should have discovered it, notice will be imputed. Commonwealth, Dept. of Highways v. General & Excess Insurance Co., supra. Since notice is imputed if a reasonable inspection would have disclosed the defect, the question of what constitutes a reasonable inspection frequently arises in applying the rule. See Commonwealth, Dept. of Highways v. Callebs, Ky., 381 S.W. 2d 623. That question is the key one here.

The Board of Claims held in effect that a "drive-along" inspection during business hours was reasonable, even though admittedly it would not disclose defects in the portion of the street occupied by parked cars. The circuit court held to the contrary. We think the question as presented here is one of law, on which the holding of the Board of Claims is not given special weight.

We think it is significant that the defect here was located in a busy commercial area. It was at a point which people normally would travel on foot in going to and around their parked automobiles. It was a defect in the street surface itself—not in some collateral adjunct. The evidence was that the parking areas normally were fully occupied during business hours, so there was little chance that the defect would be discovered by a "drive-along" inspection during those hours.

We cannot bring ourselves to the conclusion that an inspection which admittedly would not disclose defects in that portion of a busy city street set aside for parking purposes constituted a reasonable inspection. While the burden of inspection may be a serious problem to the Department of Highways, we do not feel that it would be too great a burden to require an inspection of streets in commercial areas to be made in "off" hours when the parking spaces are not occupied.

Several factors distinguish this case from Commonwealth, Dept. of Highways v. Callebs, Ky., 381 S.W.2d 623, where it was held that the Department of Highways did not have a duty to make a "walk-around" inspection of trees along the edge of the right of way. There the defect was not in the street itself but in the adjoining area; the area was a rural one with light travel rather than an urban one with heavy traffic; and there an effective inspection would have required the use of a considerable *amount* of time, whereas here an effective inspection would not have involved more time but only the selection of a different hour in which to make it.

It is our conclusion that the circuit court correctly held that the inspection made by the Department of Highways was not reasonable and therefore the department was chargeable with imputed knowledge of the defect.

We think the court erred, however, in adjudging that the department was liable in damages and that the claimant was permanently injured, and in directing that the Board of Claims make an award of damages upon remand of the case. The only issue before the circuit court was the correctness of the board's holding that the department was not chargeable with knowledge of the defect. The board had made no finding with respect to contributory negligence or with respect to injuries and those questions were not before the court.

To the extent that the judgment sets aside the order of the Board of Claims and adjudges to be erroneous the finding of the board that the Department of Highways was not chargeable with notice of the street defect it is affirmed; in all other respects it

is reversed, with direction that upon remand of the case the Board of Claims determine all other appropriate issues and enter an order accordingly.

Judge MONTGOMERY dissenting.

MONTGOMERY, Judge (dissenting).

I feel that the inspection made by the Department of Highways was reasonable and that there was no showing of negligence on its part. On the latter point there was sufficient evidence to sustain the Board of Claims' finding of no negligence. Apparently the question of contributory negligence of Mary Maiden was neither considered nor determined.

The opinion undertakes to distinguish this case from Commonwealth, Dept. of Highways v. Callebs, Ky., 381 S.W.2d 623. However, in that case a tree located nine feet six inches from the edge of the hard surface of U. S. Highway 21–E, a busy thoroughfare, fell across the highway, striking a car. It fell at a place located five blocks from the Knox County Hospital and 250 feet north of the intersection of Knox Street and U. S. Highway 25–E in Barbourville. I do not think that the distinction sought to be made between this area and the area described in the majority opinion as a commercial area in the city of Middlesboro is valid.

Further, the suggestion in the majority opinion that the inspection should be made in "off" hours is unreasonable. In a business area such as here conceivably the streets and parking places could be filled with cars until long after dark. The majority opinion says a "walk-around" inspection should have been made at a time when the streets were empty. This suggests an inspection after dark on foot, possibly with a flashlight. This does not seem reasonable to me, especially considering the time consumed in walking over all of the streets of a large business area.

For these reasons I respectfully dissent.