**COMMONWEALTH of Kentucky, DEPARTMENT OF PARKS, Appellant,**

v.

**BERGEE BROTHERS, INC., and Dr. Mark A. Immergut, Appellees.**

Court of Appeals of Kentucky.

Feb. 18, 1972.

Rehearing Denied June 9, 1972.

Robert H. Penn, Frankfort, for appellant.

Richard H. Lewis, Benton, for appellees.

STEINFELD, Chef Justice.

On August 23, 1968, a small private aircraft owned by appellee Bergee Bros., Inc., and piloted by its president, Appellee Dr. Mark A. Immergut, was accidently damaged at the airport maintained by appellant Kentucky Department of Parks at Kentucky Dam Village. While attempting to taxi through the grass from the runway to a designated tie-down point, the plane tipped over nose first when one of its wheels caught in a hole approximately two feet deep and ten inches in diameter. A claim based on negligence was filed with the Kentucky Board of Claims against appellant for damages to the airplane, expenses incurred by reason of the plane's deprived use, and Dr. Immergut's income lost while flying the plane from the place of repair to his home.

The case was heard by a referee who found that the failure of the Parks Department to maintain the premises in a reasonably safe condition constituted negligence. Upon review the board stated in its findings of fact that "There isn't one iota of evidence in this record that the Department of Parks of the Commonwealth of Kentucky—knew—or by exercise of ordinary care or reasonable diligence, could have discovered a natural or artificial condition of the ground on the tie up spots along this air strip—or that same involved an unreasonable risk to invitee or business visitor. . . . There is no liability for, and no duty to warn of, any defect or danger, which is unknown—or cannot in the exercise of ordinary care—be known to the owner or occupant." It ordered that the referee's opinion and order be set aside and that the claim be denied.

Thereafter, the claimants appealed to the circuit court. Following an exhaustive review of the evidence, the court stated "The facts and circumstances quite clearly show that this hole was discoverable. It was two feet deep and ten inches in diameter. Further, it had been there long enough for the grass surrounding it to grow to a length sufficient to conceal the hole. These events did not occur over night and constitute a preponderance of evidence of the defendant's failure to exercise reasonable diligence in discovering this artificial condition along the air strip. . . . Accordingly, it is the opinion of this Court that the facts of this case do not support the Board's denial of the plaintiffs' claim." The court adjudged and ordered that Bergee Bros., Inc., recover $2,200.00 for damages to the airplane and Dr. Immergut recover his out-of-pocket expenses of $307.00 incurred as a result of the accident. The Commonwealth has appealed. We reverse.

The Kentucky Board of Claims is an administrative body whose powers and duties are exclusively governed by the acts of the legislature. It is ". . . vested with full power and authority to investigate, hear proof, and to compensate persons for damages sustained to either person or property as a proximate result of negligence on the part of the commonwealth . . ." KRS 44.070. "The Board of Claims Act does not create causes of action against the Commonwealth. Its effect is to waive the defense of sovereign immunity by providing a remedy for a particular character of claim. In prescribing this procedure the legislature was acting under section 231 of the Kentucky Constitution, which authorizes the General Assembly to direct the manner and in what courts suits may be brought against the Commonwealth. As a matter of grace, such a remedy may be granted, withdrawn or restricted at the will of the legislature (citations omitted)." University of Kentucky v. Guynn, Ky., 372 S.W.2d 414 (1963).

The judiciary enforces the decisions of the board and has limited appellate review. The jurisdiction of the circuit court in appeals arising from the board is extrinsic; it has no other powers or duties than those enumerated in the statutes.

Specifically, KRS 44.140 is the source of the circuit court's authority. The first sentence of subsection one of this statute limits the jurisdiction of the court to appeals from "all awards of the board where the amount in controversy, exclusive of interest and costs, is more than one hundred dollars." The word "awards" means all final decisions of the board on the merits. Prior to 1960 when the statute was amended the words "and judgments" followed "awards", and it is presumed that these words were omitted in order for the statute to conform with modern administrative law parlance. See "award", 4A Words and Phrases p. 731; 7 C.J.S. Award, p. 1311. The remainder of this subsection sets the venue, time for taking appeal and mode of procedure.

It is of particular importance that the court acknowledge that on appeals under KRS 44.140(2) ". . . no new evidence may be introduced, except as to fraud or misconduct of some person engaged in the hearing before the board." The court is limited by that statute to determining:

(1) Whether or not the board acted without or in excess of its powers;

(2) The award was procured by fraud;

(3) The award was not in conformity to the provisions of KRS 44.070 to 44.-160; and

(4) Whether the findings of fact support the award.

In negligence cases arising under this statute, we have treated the litigation as tort actions and have applied the rules of evidence similarly to those followed in jury trials. See for example Commonwealth v. Mudd, Ky., 255 S.W.2d 989 (1953); Commonwealth, Dept. of Highways v. General & Excess Insurance Co., Ky., 355 S.W.2d 695 (1962); Evans v. Commonwealth, Ky., 459 S.W.2d 761 (1970); Smith v. Commonwealth, Dept. of Highways, Ky., 468 S.W.2d 790 (1971). We have related the board to a properly instructed jury—the trier of fact.

■ The evidence produced before the board was sufficient to satisfy the requirements of a submissible issue but, before a jury, insufficient to entitle the claimant to a directed verdict. The trial court erroneously determined that the proof was of that sufficiency. The large area comprising the airport in relation to a ten-inch hole was a circumstance relevant to whether ordinary care had been exercised. The board was authorized to believe that an ordinarily prudent airport operator would not have discovered it. Therefore, the court could not substitute its conclusion for that of the board. Commonwealth, Dept. of Highways v. General & Excess Insurance Co., supra. In doing so, it exceeded its statutory authority. Commonwealth v. Mudd, supra.

The judgment is reversed, with directions to enter a judgment sustaining the award of the board.

MILLIKEN, NEIKIRK, PALMORE and REED, JJ., concur.