COMMONWEALTH of Kentucky, DE-
PARTMENT OF TRANSPORTATION,
BUREAU OF HIGHWAYS, Appellant,

v.

Marvin W. BURGER, Appellee.

Court of Appeals of Kentucky.

Feb. 23, 1979.

Joseph L. Baker, Covington, for appellant.

Marvin Wesley Burger, pro se.

Before MARTIN, C. J., and HOGGE and VANCE, JJ.

MARTIN, Chief Judge.

This appeal stems from the judgment of the Kenton Circuit Court affirming the award of $88.49 made by the Kentucky Board of Claims to appellee, Marvin Burger, for damages done to his automobile as a result of pieces of rock being thrown against the side of his vehicle by a lawn mower operated by an employee of the Kentucky Department of Transportation, Bureau of Highways.

There is no dispute as to how the incident happened or as to the amount of the damages sustained. On September 20, 1976, Burger was proceeding in a southerly direction along U.S. 27 near Falmouth, Kentucky, when his car was struck by pieces of rock thrown by a lawn mower operated by a Bureau of Highways employee. Subsequently, Burger filed a claim for his damages with the Board of Claims. On December 22, 1977, the Board rendered its decision in favor of Burger, finding the Commonwealth liable on the theory of strict liability. The Kenton Circuit Court affirmed this decision, although it added that it did not agree with the Board's reasoning. The

court did not elaborate on its differences with the Board.

On appeal, the Commonwealth contends that the Board of Claims is given no authority under K.R.S. 44.070 to make awards on the basis of strict liability, and that since the Board made no finding as to negligence on the part of the Commonwealth, the Commonwealth should be completely exonerated of liability for the damages.

As Burger has not filed a brief on appeal, we are authorized by CR 76.12(8)(c)(i) to accept the facts and issues stated by the Commonwealth as true. However, we have conducted an independent review of the record, and have found that the Commonwealth has accurately stated the case.

■ We are of the opinion that the theories of negligence and strict liability are mutually exclusive. Negligence, as defined by *Restatement (Second) of Torts* § 282(f) (1965) at 11, is "conduct which falls below the standard of behavior established by law for the protection of others" and "carries with it the idea of social fault." Strict liability, on the other hand, may be described as "liability without fault." Acts which create such a liability are those which, "although done with every precaution which it is practicable to demand, involve an irreducible minimum of danger to others, but which are so far justified by their utility or by traditional usage that even the most perfect system of preventive law would not forbid them." *Id.*

■ We are further of the opinion that the power of the Board of Claims to make awards is limited to those cases in which it finds that the damages were proximately caused by the negligence of the Commonwealth or its agents. K.R.S. 44.070(1), which is the enabling statute for the Board of Claims, makes no mention of any basis for relief other than negligence. In setting forth the Board's authority, it provides only that the Board can:

. . . compensate persons for damages sustained to either person or property as a proximate result of negligence on the part of the commonwealth, any of its

departments or agencies, or any of its officers, agents or employes while acting within the scope of their employment by the commonwealth or any of its departments or agencies;

■ Here, the Board declared that the Commonwealth was strictly liable for the damages incurred on the basis of its findings that the lawn mowers used by the Commonwealth were inherently dangerous machines, and that this inherent danger was known to the officials of the Bureau of Highways. As we believe that assigning liability on the theory of strict liability is inconsistent with the directive of K.R.S. 44.070(1), we must conclude that the Board exceeded its power and authority in this particular case.

However, we do not agree with the Commonwealth that at this point it can be exonerated from liability because of the Board's failure to find negligence on its part. It is our opinion that the Board, in determining that the Commonwealth was strictly liable for the damage, failed to make a finding as to the Commonwealth's negligence; not because it could find no negligent conduct, but rather because it did not feel it was necessary to make such a finding in light of the strict liability theory it espoused. The Board did make a passing reference in the last sentence of its opinion to the effect that the Commonwealth had to establish more than an inspection of the site of the mowing zone and the machines in order to prevail. It also stated that signs warning motorists of the mowing operation were placed along the highway near the scene, and that chains meant to deflect and reduce the velocity of rocks or debris had been placed over the discharge chutes of the lawn mowers. However, it did not pass on whether these precautions were all that was reasonably necessary under the circumstances, but rather stated, in effect, that regardless of these precautions the Commonwealth was strictly liable. As we have determined that the Board exceeded its power in proceeding under a theory of strict liability, we are of the opinion it should now have the opportunity to review the facts

with an eye towards determining whether or not the Commonwealth was negligent, and if so, whether its negligence was the proximate cause of the damages Mr. Burger's automobile incurred.

The judgment is reversed and the case is remanded to the circuit court with directions to remand to the Board of Claims for further findings consistent with this opinion.

All concur.