COMMONWEALTH of Kentucky, DEPARTMENT OF TRANSPORTATION, BUREAU OF HIGHWAYS, Appellant,

v.

Bennie MAINS, Appellee.

Court of Appeals of Kentucky.

Nov. 16, 1979.

Owen W. Serey, Jr., Commonwealth of Kentucky, Dept. of Transp., Bureau of Highways, Covington, for appellant.

Bennie Mains, pro se.

Before GANT, HOWERTON and REYNOLDS, JJ.

HOWERTON, Judge.

The Commonwealth appeals from a judgment of the Bracken Circuit Court affirming an award of the Board of Claims in favor of the appellee, Bennie Mains, in the amount of $38.00.

Mains' automobile was struck by a rock thrown by a state-owned rotary mower.

The Board of Claims awarded Mains the sum of $38.00 on the basis that a rotary-type lawnmower is an inherently dangerous instrumentality. There was no finding of negligence on the part of the Commonwealth. The Bracken Circuit Court affirmed the award but concluded independently that the Commonwealth was negligent for not closing the highway where the mowing was taking place. We restrain ourselves from commenting on what chaos might result from such a requirement.

The effect of the opinion rendered by the Board of Claims was to hold the Commonwealth liable on the theory of strict liability. The only basis for liability before the Board of Claims is negligence which is the proximate cause of the damage. KRS 44.070(1) and KRS 44.120. Strict liability and negligence are mutually exclusive. *Commonwealth, Department of Transportation v. Burger,* Ky.App., 578 S.W.2d 897 (1979). Any award based only on strict liability is therefore inconsistent with the authorizing statutes.

The circuit court exceeded its authority in affirming the Board's decision by making its independent finding of negligence. KRS 44.140(2) limits the circuit court's power of review to determining:

. . . Whether or not the Board acted without or in excess of its powers; the award was procured by fraud; the award is not in conformity to the provisions of KRS 44.070 to 44.160; and whether the findings of fact support the award.

*See also, Commonwealth, Department of Parks v. Bergee Bros.,* Ky., 480 S.W.2d 158 (1972).

We conclude that this action must be reversed. The case is therefore remanded to the circuit court with instructions to remand it to the Board of Claims for a determination from the record as to whether the Commonwealth or its employees were negligent, and if so, whether the negligence was the proximate cause of the $38.00 damage to Mains' automobile.

All concur.