DEPARTMENT FOR HUMAN RESOURCES, Commonwealth of Kentucky, Appellant,

v.

Leon REDMON and Helen Redmon, and Commonwealth of Kentucky, Board of Claims, Appellees.

Court of Appeals of Kentucky.

May 9, 1980.

Marvin R. O'Koon, Gen. Counsel, Terry L. Morrison, Dept. for Human Resources, Frankfort, for appellant.

John B. Baughman, Hazelrigg & Cox, Frankfort, for appellees Redmon.

Before HOWERTON, REYNOLDS and VANCE, JJ.

HOWERTON, Judge.

The Department for Human Resources appeals from a judgment of the Franklin Circuit Court which set aside an order of the Board of Claims. The primary issue is whether the Board of Claims is bound by the Rules of Civil Procedure.

On June 28, 1976, the Redmons were involved in an automobile accident with a vehicle owned and operated by the Commonwealth of Kentucky, Department for Human Resources. Their claim was filed with the Board, and the Department answered with a general denial of negligence. The Board of Claims determined that the Department's driver was negligent, but it also concluded that the accident would not have occurred had it not been for the negligence of the driver of the Redmons' vehicle. The claim was therefore barred because of contributory negligence. The Franklin Circuit Court reversed the Board's ruling on the ground that contributory negligence is an affirmative defense which must be specifically plead under CR 8.03.

The Board of Claims was created in 1946 to hear and decide negligence claims against the Commonwealth with a "minimum of formality and delay." *Commonwealth v. Mudd*, Ky., 255 S.W.2d 989, 990 (1953). The Board is to prescribe its rules of administrative practice in the form of regulations. The rules must be promulgated in accordance with law. KRS 13.085. The Board was created and is governed by Chapter 44 of the Revised Statutes, and KRS 44.080 reads in part: "The board shall establish rules for its government and for the regulation of the method of pleading and practice before it." Thus far, the Board has not exercised its rule-making power to require specific pleading of contributory negligence. For that matter, complaints are frequently received in the form of letters which are adequate to state the problem and request some relief. The only Rules of Civil Procedure which have been adopted according to law by the Board of Claims pertain to discovery. 803 KAR 20:010 § 3(4).

The claim was filed July 28, 1976. CR 1, as it was in effect at that time, read in part:

These Rules govern the procedure and practice in all courts of this State, except original actions in the Court of Appeals and Supreme Court, in all actions of a civil nature whether cognizable as cases at law or in equity, with the exception that they do not govern procedure and practice in any special statutory proceeding insofar as they are inconsistent or in conflict with the procedure and practice provided by the applicable statute.

The Redmons argue that the old rule makes the civil rules applicable to the Board of Claims. We do not read the rule in that manner, because it is clearly and specifically applicable to procedure and practice in all "courts." Both the old and the new rule seem to be quite clear on this point. CR 1(2), effective since January 1, 1978, reads in part, "These Rules govern procedure and practice in all actions of a civil nature in the Court of Justice . . . .."

■ The Board specifically found that the question of contributory negligence was presented and tried without objection, amounting to implied consent. Even if the procedures of the Board required the pleading of an affirmative defense, it could nevertheless have been considered pursuant to the provisions of CR 15.02. We do not consider that such a finding is any indication that the Board has adopted or is bound to follow the Rules of Civil Procedure in its procedural processes.

■ A board's findings may not be overturned by a court when the findings of fact are supported by substantial evidence. A court may not substitute its own judgment for that of the Board when the findings and conclusions are not clearly erroneous. KRS 44.140(2); *Commonwealth, Department of Parks v. Bergee Bros., Inc.*, Ky., 480 S.W.2d 158 (1972), and *Commonwealth v. Mudd, supra.* The findings of fact of the Board that the issue of contributory negligence was tried by implied consent is supported by the evidence.

The judgment of the Franklin Circuit Court is reversed, and this action is remanded with directions to enter judgment for the Department for Human Resources and affirming the decision of the Board of Claims.

All concur.