COMMONWEALTH of Kentucky, DEPARTMENT OF HOUSING, BUILDINGS AND CONSTRUCTION; and Frank Weibel; and Eugene Perkins, Appellants,

v.

Allen E. COLLINS, Appellee.

Court of Appeals of Kentucky.

Jan. 28, 1983.

Discretionary Review Denied Aug. 24, 1983.

Judith G. Walden, Dept. of Housing, Bldgs. and Const., Frankfort, for appellants.

Otto Daniel Wolff, Covington, for appellee.

Before HAYES, C.J., HOWARD and LESTER, JJ.

HOWARD, Judge.

This is an appeal from a negligence case in which the trial court upheld an award of the Board of Claims in favor of the appellee in the sum of approximately $35,000.

The appellee ("Collins"), in 1978, owned three parcels of land in Campbell County, Kentucky. All 127 acres were located outside any city limits and were not served by a public water supply. In the Spring of 1978, Collins proceeded with plans to build a retirement home on the smallest of his three parcels, that being about 3.48 acres. He had sold his home in Cincinnati the previous year and moved with his family into an apartment until their new home could be built. From the sale of the Cincinnati home, Collins realized a capital gain of $21,150.00, which he hoped to defer by occupying his newly constructed home within two (2) years, pursuant to the Internal Revenue Code.

In May, 1978, Collins applied for and received a building permit. Appellant Frank Weibel ("Weibel") approved this permit in his capacity as a State Plumbing Inspector. On November 15, 1978, Collins was granted a plumbing construction permit, also signed by Weibel. In conjunction with this permit, Collins signed an affidavit stating that he would install plumbing in compliance with K.R.S. Chapter 318, the State Plumbing Law.

On November 17, 1978, Weibel visited the building site and observed plastic pipe in the ground, which was at that time prohibited by state law. Weibel placed a stop plumbing work order on the job site and the construction on the house ceased. Collins immediately protested the stop work order, realizing that work on his house could not proceed until it was resolved. He refused to remove the plastic pipe.

On October 3, 1979, appellant, Department of Housing, Building and Construction ("Department") filed a criminal complaint against Collins and on November 30, 1979, he was convicted in district court of violating the State Plumbing Code. Collins filed for dismissal in district court and on February 15, 1980, the case was dismissed.

After this criminal violation was dismissed, about fifteen months after the stop work order was issued, Collins became ill and was unable to continue work on his house until the Fall of 1980. By this time, prices and interest rates had gone up considerably and he was unable to procure financing for building. On January 21, 1981, Collins filed a claim with the Kentucky Board of Claims ("Board") alleging negligence on the part of the Department based on the actions of its employees in halting construction on Collins' house. The Board determined that the Department and its employees were negligent in their acts toward Collins and awarded him $35,359. The Department appealed to Campbell Circuit Court and the trial court agreed with the Board and upheld the award. We affirm.

The appellants argue that the Board of Claims acted in excess of its power in making the award to Collins. They base this argument on their contention that Collins failed to affirmatively establish by substantial evidence that he was entitled to recovery under K.R.S. Chapter 44. However, the Board found substantial evidence to support Collins' negligence claim and the question of negligence is clearly one of fact for the Board to decide. *University of Kentucky v. Guynn,* Ky., 372 S.W.2d 414 (1963).

As Collins points out, he did not claim that the inspections and subsequent stop work order were performed negligently but that the Department was negligent in performing them at all and that he sustained substantial loss as a result of these acts. Collins is correct in his assertion that since the code provision under which his work was ordered stopped does not apply to him, the Department was negligent in continuing to pursue its enforcement. K.R.S. Chapter 318, the State Plumbing Law under which Collins was prosecuted, specifically exempts "farmsteads" from its provisions. K.R.S. 318.015(3). The Department was, or should have been, aware of the fact that Collins' property was not serviced by any city water system, was not located within a municipality and appeared to be a farm. By issuing the stop work order, the appellants violated their duty of care, creating an "actionable negligence" resulting in injury to Collins. *M & T Chemicals, Inc. v. Westrick,* Ky., 525 S.W.2d 740 (1974).

The appellants also argue that the Department was engaging in the ultimate function of government by "protecting the public through enforcement of the State Plumbing Code." They appear to be saying that they are therefore immune from liability. If they had been indeed enforcing the code, this argument may have had merit since K.R.S. 318 obviously exists to regulate plumbing practices in an effort to protect the public health. However, the code expressly excludes applicability to farmsteads and no public purpose or government function was being advanced by its injurious application here.

The appellants' next contention is that the damages claimed are not the proximate result of the alleged negligence as required by K.R.S. 44.070(1). This is simply not so. The appellants were negligent and are therefore liable. The amount of damages, as set out by the Board, consists entirely of various expenses and losses that would not have occurred but for the acts of the appellants. We cannot overturn these findings of the Board since they are supported by substantial evidence and are not clearly erroneous. *Department for Human Resources v. Redmon,* Ky., 599 S.W.2d 474 (1980).

The appellants further claim that the Board erred in not providing the Department with an opportunity to file exceptions to the findings of the hearing officer. This issue was not preserved at the trial court level for appellate review and we will not address it here.

The final argument of the appellants is that K.R.S. 44.110 (statute of limitations) prohibits recovery in this case. They contend that Collins' right of action accrued only on November 17, 1978, therefore he had only until November 17, 1979, to bring his claim. The general rule, as set forth in *Lynn Mining Co. v. Kelly,* Ky., 394 S.W.2d

755 (1965), is that limitations never run while acts which commence the statutory period continue to run. As the Board said here:

> Until February 15, 1980, (when the criminal case against Collins was dismissed) claimant had no case, since until that time he would have had to allege that the Defendant (appellants here) acted wrongly in ordering him to obey a statute which he stood convicted of violating.

The acts which commenced on November 17, 1978, continued through February 15, 1980, and K.R.S. 44.110 does not, therefore, bar his claims.

The decision of the Campbell Circuit Court is, for the foregoing reasons, affirmed.

ALL CONCUR.