RENDERED:  APRIL 9, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-1506-MR

LEO SANDMANN                                                        APPELLANT


                      APPEAL FROM JEFFERSON CIRCUIT COURT
v.                   HONORABLE MARY M. SHAW, JUDGE
                         ACTION NO. 19-CI-000298


KENTUCKY TRANSPORTATION
CABINET DEPARTMENT OF
HIGHWAYS AND KENTUCKY
CLAIMS COMMISSION                                     APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  ACREE, KRAMER, AND TAYLOR, JUDGES.

ACREE, JUDGE:  Leo Sandmann appeals from the Jefferson Circuit Court's September 9, 2019 order upholding the Kentucky Claims Commission's decision to deny Sandmann future lost wages.  Sandmann believes the circuit court erred because there was substantial evidence that he had a permanent disability.  Finding no error, we affirm.

## BACKGROUND

On October 17, 2015, Sandmann was riding his motorcycle on the on-ramp from Dixie Highway to I-264 West in Louisville, Kentucky, when he hit a pothole in the pavement. An ambulance took him to the hospital where he was treated for injuries sustained from the accident. He suffered a dislocated left hip, with a fracture to the left femoral head, and road rash. Sandmann underwent surgery to fix the break, followed by five months of physical therapy.

During this time, Sandmann drew short-term disability. Fortunately, his health insurance paid the majority of his medical bills, but he still was responsible for $7,271.68. Additionally, he accumulated $7,784.28 in lost wages.

On January 4, 2016, Sandmann sought relief in an administrative action before the Kentucky Claims Commission against the Kentucky Transportation Cabinet, Department of Highways, for its negligent roadway maintenance. He demanded medical expenses, lost wages, and future lost wages.

Both parties produced several witnesses at the evidentiary hearing. Pertinent to this appeal was the testimony of Sandmann's expert—Sara Ford. Ford is a vocational economist who testified concerning Sandmann's future lost earnings. She concluded Sandmann's injuries made his job more difficult and lowered his work life expectancy by three years. She estimated the accident caused him to lose future earnings between $204,380 to $238,559. However, her

testimony was not based on medical records or the opinions of medical or occupational therapy specialists.

Following the hearing, the Claims Commission re-assigned the matter to a different hearing officer, who issued the findings of facts, conclusions of law, and recommended order. In that order, the hearing officer determined the Transportation Cabinet failed to follow a "'known rule' as set out in its own manual regarding inspections." However, the hearing officer did not grant Sandmann the full measure of damages sought. Instead, the hearing officer awarded $7,271.68 for medical expenses and $7,784.28 in uncompensated lost wages.

Sandmann took written exception to the findings, alleging the Commission erred in failing to award damages on lost future earnings. On December 18, 2018, the Claims Commission issued a final order adopting the hearing officer's findings of fact and conclusions of law.

Thereafter, Sandmann appealed to the Jefferson Circuit Court. Ultimately, the circuit court upheld the Claims Commission's decision, stating the Commission acted within its authority and based its ruling on substantial evidence presented at the administrative hearing. This appeal followed.

## STANDARD OF REVIEW

A board's findings may not be overturned by a court when the findings of fact are supported by substantial evidence. *Department for Human Resources v. Redmon*, 599 S.W.2d 474, 476 (Ky. App. 1980). A court may not substitute its own judgment for that of the Board when the findings and conclusions are not clearly erroneous. KRS[1] 49.150(2); *Commonwealth, Department of Parks v. Bergee Bros., Inc.*, 480 S.W.2d 158 (Ky. 1972).

## ANALYSIS

Sandmann argues the Claim Commission should have granted his exceptions and the circuit court should have reversed the Commission for failing to do so. We disagree.

It is well-established that administrative rulings may not be overturned where the findings are supported by substantial evidence, and not clearly erroneous. *Redmon*, 599 S.W.2d at 476. The trier of fact in an administrative agency "is afforded great latitude in its evaluation of the evidence heard and the credibility of witnesses appearing before it." *Bowling v. Natural Resources and Evtl. Protection Cabinet*, 891 S.W.2d 406, 409-10 (Ky. App. 1994). However, according to *Kentucky Retirement Systems v. Ashcraft*, a reviewing court may overturn an agency's decision if the evidence in the party's favor holding the

---

[1] Kentucky Revised Statutes.

burden of proof "is so compelling no reasonable person could have failed to be persuaded by it." 559 S.W.3d 812, 816 (Ky. 2018) (citing *McManus v. Ky. Retirement Sys.*, 124 S.W.3d 454, 458 (Ky. App. 2003)).

In this case, the Claims Commission explained its decision based on the testimony of Sandmann's own testimony and that of Ford.

Sandmann testified that even though he was somewhat limited in how long he could walk, stand, drive, or sit, he still returned to his previous employment as an IT programmer for FedEx. He worked the same job, the same hours, and received the same pay—with regular annual increases. Sandmann also admitted he did not expect to retire early.

Additionally, the Claims Commission did not find Ford's testimony persuasive. It took issue with the lack of underlying support for Ford's opinion. She did not identify any work Sandmann would be unable to do in the future. She did not explain how she arrived at her figures, only that she estimated his work life expectancy. And, she did not refer to any medical opinions or records to document any of Sandmann's limitations.

We echo the same concerns as the circuit court and the Claims Commission: (1) there is no medical documentation detailing a relevant long-term prognosis; (2) no qualified physician to discuss Sandmann's prognosis; and (3) no testimony regarding how his injuries will impact his life. Instead, the courts are

left with Sandmann's own testimony that he went back to work, in the same position, and intended to work until the age of 65. Somewhat in passing, Sandmann points out that his medical records would show his accident left him with an infirmity, irrespective of expert testimony. However, the medical records were never introduced during the evidentiary hearing, but only filed in the record. More importantly, there is no evidence, by expert testimony or otherwise, that any infirmity he experiences translates into an occupational impairment. The evidence in the hearing record constitutes substantial evidence that it does not.

We reiterate that administrative agencies are afforded great deference and their decisions upheld if there is substantial evidentiary justification. It was entirely reasonable for the Claims Commission to determine there was insufficient evidence to support Sandmann's position regarding lost future wages.

## **CONCLUSION**

For the foregoing reasons, we affirm the Jefferson Circuit Court's September 9, 2019 order affirming the Kentucky Claims Commission's decision.

ALL CONCUR.


BRIEFS FOR APPELLANT:

Josephine Buckner
Louisville, Kentucky

BRIEF FOR APPELLEES:

Marlin A. Jones
Frankfort, Kentucky